**BOWLES, Price Administrator v. H. E. POGUE DISTILLERY CO. et al.**

**No. 150.**

District Court, E. D. Kentucky.
Covington Division.

Nov. 16, 1945.

Hal O. Williams and Fred J. Karem, both of Louisville, Ky., Hogan L. Yancey and Alfred A. Naff, both of Lexington, Ky., and Fritz Krueger, of Louisville, Ky., for plaintiff.

Allen, McElwain, Dinning & Clarke, of Louisville, Ky., for defendant.

SWINFORD, District Judge.

This is an action filed by Chester Bowles, Price Administrator, against the H. E. Pogue Distillery Company, (referred to hereafter as Pogue), and Compania Des Destilerias Internationales, (referred to hereafter as CDI).

This action is brought under section 205(e) of the Emergency Price Control Act of 1942, Public Law 421, 77th Congress, 2nd Session, 56 Stat. 23, 50 U.S.C.A. Appendix § 925(e).

The complaint was filed on May 31, 1944. At that time section 205(c) of the Emergency Price Control Act contained the following provision with respect to the jurisdiction of the United States District Court: "Except as provided in section 205(f) (2) (this section), such other proceedings may be brought in any district in which any part of any act or transaction constituting the violation occurred, and may also be brought in the district in which the defendant resides or transacts business, and process in such cases may be served in any district wherein the defendant resides or transacts business or wherever the defendant may be found."

Subsequent to the filing of the complaint, but prior to the execution of the process on the defendant, CDI, the Congress of the United States amended the Emergency Price Control Act and added to the above quoted language the following proviso: "Provided, however, That all suits

under subsection (e) of this section shall be brought in the district or county in which the defendant resides or has a place of business, an office, or an agent." 50 U.S.C.A.Appendix § 925(c).

On July 12, 1944, CDI was served with process. CDI now enters its appearance specially for the sole purpose of objecting to the jurisdiction of this court on the grounds that, by reason of the amendment to the Emergency Price Control Act prior to the time of service, the action has been brought in the wrong district.

The question presented is novel but I must conclude that the motion to dismiss should be overruled. An examination of the statutes discloses that nothing has been taken away from the District Court by the amendment. At the time the action was filed, this court had jurisdiction. The Act provided that process could be served in any district where the defendant might be found. If the action was properly filed and process properly issued, there was nothing that could affect this jurisdiction once acquired, except that the Congress expressly repeal these provisions of the Act. This, Congress did not do. Under Rule 3, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a civil action is commenced when the complaint is filed. The matter of running of process into another district has not been modified or changed. The proviso added by the amendment can only affect the filing of future actions. It says nothing about, and makes no change, in the provision that process may be served in any district "or wherever the defendant may be found." This part of the original Act remains unchanged and was, therefore, in full force and effect at the time of the execution of the process. The amendment only deals with the question of where the action may be filed and says nothing with reference to where process may run.

With reference to the question of making the complaint more definite and certain, as it affects the defendant, Pogue, I must also conclude that the motion should be overruled. There is nothing ambiguous or misleading in the complaint to such an extent that it would hinder or hamper the defendant in presenting its defense. There are certain exhibits filed with the complaint which apparently should give to the defendant the information desired to prepare its answer. The defendants' brief suggests that certain things be stated in the complaint which would be more in the nature of a bill of evidence. Such information could more appropriately be obtained by resort to Rule 33, Rules of Civil Procedure.