**William Wise ROBINSON, Plaintiff-Appellant,**

v.

**James E. DOW and Philip M. Swatek, Defendants-Appellees.**

**No. 75–1026.**

United States Court of Appeals, Sixth Circuit.

July 23, 1975.

---

Ronald D. Krelstein, Gerber & Gerber, Memphis, Tenn., for plaintiff-appellant.

Thomas F. Turley, U. S. Atty., Memphis, Tenn., Leonard Schaitman, Anthony J. Steinmeyer, Dept. of Justice, Appellate Section, Civil Div., Washington, D. C., for defendants-appellees.

Before PHILLIPS, Chief Judge, CELEBREZZE, Circuit Judge, and, TAYLOR,* District Judge.

ROBERT L. TAYLOR, District Judge.

This appeal is from an order of the District Judge dismissing appellant's complaint requesting the convening of a three-judge court to grant injunctive and declaratory relief in addition to damages. 28 U.S.C. § 2284. Plaintiff attacked the constitutionality of 49 U.S.C. § 1429 on the grounds that the statute permits the Federal Aviation Administration (FAA) to revoke a pilot's license without a prior hearing and because the statute is impermissibly vague in failing to set forth sufficient criteria to govern the use of the Agency's emergency revocation powers. The District Court, observing that the "F.A.A. Administrator is given broad power to protect the public interests and safety in situations that may well immediately involve a threat to the public well being," dismissed the action. The primary issue before the Court on appeal is whether the District Court erred in dismissing plaintiff's petition and request for the convening of a three-judge court. We conclude that the District Court's dismissal was proper and, accordingly, affirm for the reasons set forth below.

On July 26, 1974 the Federal Aviation Administration, acting pursuant to 49 U.S.C. § 1429(a),[1] issued an emergency

---

* The Honorable Robert L. Taylor, United States District Judge for the Eastern District of Tennessee, sitting by designation.

1. 49 U.S.C. § 1429(a) provides in full:

   "The Administrator may, from time to time, reinspect any civil aircraft, aircraft, engine, propeller, appliance, air navigation facility, or air agency, or may reexamine any civil airman. If, as a result of any such reinspection or reexamination, or if, as a result of any other investigation made by the Administrator, he determines that safety in air commerce or air transportation and the public interest requires, the Administrator may issue an order amending, modifying, suspending, or revoking, in whole or in part, any type certificate, production certificate, airworthiness certificate, airman certificate, air carrier operating certificate, air navigation facility certificate (including airport operating certificate), or air agency certificate. Prior to amending, modifying, suspending, or revoking any of the foregoing certificates, the Administrator shall advise the holder thereof

order revoking appellant's commercial pilot license.[2] Pursuant to an appeal lodged with the National Transportation Safety Board (NTSB) under Section 1429(a), a hearing was held before an administrative law judge, who in an opinion dated the following day sustained the charges against appellant but reduced the sanction from revocation of appellant's license to a retroactive suspension of four months. The administrative law judge's decision was affirmed by the NTSB on October 2, 1974. A rehearing was denied by the Board on October 30, 1974 and appellant has failed to seek review of the Board's order in this Court under 49 U.S.C. § 1486.[3] This action was filed in the District Court on August 5, five days after invoking the administrative review process and fifteen days before the administrative hearing, and dismissed on October 8.

■ Initially, we note that the exhaustion doctrine restricts untimely judicial intervention into agency proceedings until the administrative action has run its full course. This principle, which requires no lengthy discussion, is founded upon the belief that the judiciary should give proper deference to that body possessing expertise in areas outside the conventional experience of judges. *Far East Conference v. United States*, 342 U.S. 570, 574–575, 72 S.Ct. 492, 96 L.Ed. 576 (1952); Note, *Jurisdiction to Review Federal Administrative Action: District Court or Court of Appeals*, 88 Harv.L. Rev. 980, 985–989 (1975).

■ Appellant urges that his action challenged the constitutionality of section 1429 and not necessarily its application and, therefore, he should have been exempted from the exhaustion requirement. It is not axiomatic, however, that challenging the constitutionality of a statute on its face as opposed to its application will permit a litigant to bypass the administrative process since under

as to any charges or other reasons relied upon by the Administrator for his proposed action and, except in cases of emergency, shall provide the holder of such a certificate an opportunity to answer any charges and be heard as to why such certificate should not be amended, modified, suspended, or revoked. Any person whose certificate is affected by such an order of the Administrator under this section may appeal the Administrator's order to the National Transportation Safety Board and the National Transportation Safety Board may, after notice and hearing, amend, modify, or reverse the Administrator's order if it finds that safety in air commerce or air transportation and the public interest do not require affirmation of the Administrator's order. In the conduct of its hearings the National Transportation Safety Board shall not be bound by findings of fact of the Administrator. The filing of an appeal with the National Transportation Safety Board shall stay the effectiveness of the Administrator's order unless the Administrator advises the National Transportation Safety Board that an emergency exists and safety in air commerce or air transportation requires the immediate effectiveness of his order, in which event the order shall remain effective and the National Transportation Safety Board shall finally dispose of the appeal within sixty days after being so advised by the Administrator. The person substantially affected by the National Transportation Safety Board's order may obtain judicial review of said order under the provisions of section 1486 of this title, and the Administrator shall be made a party to such proceedings."

2. The emergency order of July 26 charged appellant with flying a helicopter over downtown Memphis on the evening of July 12, 1974 at an altitude of not more than 120 feet above a building 430 feet tall in violation of 14 C.F.R. §§ 91.79(a), 91.79(b), and 91.9, which, *inter alia*, prohibit flying an aircraft below an altitude which would permit, if the aircraft's power were to fail, an emergency landing without "undue hazard to persons or property on the surface." 14 C.F.R. § 91.79(a). The order recited that "[t]he Administrator further finds that an emergency requiring immediate action exists in respect to safety in air commerce and, accordingly, this order shall be effective immediately." (App. 3b)

3. 49 U.S.C. § 1486 provides in pertinent part:

"(a) Any order, affirmative or negative, issued by the Board or Administrator under this chapter, except any order in respect of any foreign air carrier subject to the approval of the President as provided in section 1461 of this title, shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. After the expiration of said sixty days a petition may be filed only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore."

cases such as this "the effect would be that important and difficult constitutional issues would be decided devoid of factual content . . ." *Dubois Clubs v. Clark*, 389 U.S. 309, 312, 88 S.Ct. 450, 452, 19 L.Ed.2d 546 (1967); *Delzer Construction Co. v. United States*, 487 F.2d 908 (8th Cir. 1973). The *DuBois* doctrine would appear especially controlling here since appellant's two principal issues, the prehearing suspension procedure and an alleged absence of criteria for invoking the emergency procedures, are necessarily intertwined with the factual setting. Moreover, imposing the exhaustion requirement under the facts of this case does not leave appellant without a forum in which to litigate his constitutional claims, as 49 U.S.C. §§ 1485(a), 1486(a) provide significant procedural safeguards with ultimate review in the Court of Appeals. It is clear that in this latter forum the litigant is free to raise his constitutional issues. *Air East, Inc. v. NTSB*, 512 F.2d 1227 (3rd Cir., 1975).

It logically follows that once the Board has entered its final order and the administrative process is complete, review lies exclusively in the Court of Appeals under 49 U.S.C. § 1486(a), where the findings are examined under the substantial evidence test. Appellant chose not to pursue this procedure. In this posture, the Administrator's order is not subject to collateral attack in the district court. *Myers v. Bethlehem Shipbldg. Corp.*, 303 U.S. 41, 48–50, 58 S.Ct. 459, 82 L.Ed. 638 (1938); *Kesinger v. Universal Airlines, Inc.*, 474 F.2d 1127, 1131 (6th Cir. 1973); *Oling v. Air Line Pilots Association*, 346 F.2d 270, 276 (7th Cir. 1965); 88 Harv.L.Rev. at 982.[4]

Under the circumstances of this case we find no error in the District Court's failure to convene a three-judge court and dismissal of appellant's complaint.

The judgment of the District Court is affirmed.

4. Without passing on the constitutional issues, we note that both facets of appellant's argument were resolved against him in *Air East, supra*, at 1230–1232.