Martha B. GAUNCE, Plaintiff-Appellant,

v.

Pierre H. deVINCENTIS and Jack T. Parrish, Defendants-Appellees.

No. 81–1769.

United States Court of Appeals, Seventh Circuit.

Submitted May 12, 1983.*

Decided June 10, 1983.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

Martha B. Gaunce, pro se.

Gregory C. Jones, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for defendants-appellees.

Before BAUER, WOOD and COFFEY, Circuit Judges.

PER CURIAM.

The district court and the parties extensively discuss whether the procedures of the *Federal Aviation Act of 1958,* as amended, (the Act), which were invoked to revoke plaintiff-appellant's airman certificate, comport with the fifth amendment's due process requirements; and whether the defendants, Federal Aviation Administration (F.A.A.) employees, are immune from a monetary damages claim. However the basic issue of whether the district court possessed subject matter jurisdiction has been ignored. This court has *sua sponte* considered this issue.[1] For the reasons stated below we vacate the district court's judgment and remand with instructions to dismiss the complaint for lack of subject matter jurisdiction.

## I

Pursuant to 49 U.S.C. § 1429(a) the F.A.A. sent notice to appellant informing her of the proposed revocation of her Airman Certificate, for a period of one year,

due to the following alleged violations of F.A.A. regulations: Operating an aircraft on two occasions, into and out of Cleveland-Hopkins Airport on June 27, 1979, without having in her possession a current pilot or medical certificate (a violation of 14 C.F.R. § 61.3(a), (c)), failing to have accomplished a current biennial flight review (a violation of 14 C.F.R. § 61.57(a)), violating air traffic control clearance and instruction (a violation of 14 C.F.R. § 91.75), twice refusing to present her pilot logbook for inspection after a reasonable request to do so made by an F.A.A. inspector (a violation of 14 C.F.R. § 61.51(d)), and careless operation so as to endanger the life and property of another by operating in the Cleveland-Hopkins Airport traffic area without maintaining communication with air traffic control (a violation of 14 C.F.R. § 91.75).

Pursuant to 14 C.F.R. § 13.19(c) the notice of the proposed revocation also informed appellant of several options available to her. The option selected by appellant was that of requesting an opportunity to be heard in an informal conference. Appellant was heard in an informal conference on July 18, 1980, with appellees acting in their respective capacities as F.A.A. counsel and aviation safety inspector. The F.A.A. issued its order of revocation that same day, based on its finding that nothing occurred at the informal conference to alter the proposed revocation order. The revocation order informed appellant that she might appeal to the National Transportation Safety Board (N.T.S.B.), and that an appeal within twenty days would stay the revocation order. Appellant chose not to appeal to the N.T.S.B. at that time. On November 30, 1980, appellant filed her appeal with the

---

1. We recently adopted Circuit Rule 9(b), which we hope will have the salutary effect of avoiding the pitfalls and drain on judicial resources evidenced in this case.
Circuit Rule 9(b) states:
Jurisdictional Summary. The brief of the appellant or petitioner will include, under an appropriate heading, a jurisdictional summary, which will appear before the statement of the case and shall include an explanation of the statutory basis for jurisdiction of the district court (if applicable) and of this court, as

well as other information relevant to jurisdiction, such as whether there has been a certification pursuant to Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b).
*Compare* Fed.R.Civ.P. 8(a)(1) (a pleading setting forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it).

N.T.S.B. On December 3, 1980, appellant instituted this suit in the district court, which issued a judgment on May 6, 1981, granting appellees' summary judgment motion. On May 14, 1981, appellant filed her notice of appeal to this court of the May 6, 1981 district court judgment. On October 1, 1981, the N.T.S.B. issued an initial order affirming with modification the F.A.A. revocation order. The N.T.S.B. order, *inter alia,* suspended appellant's certification for 150 days and imposed upon her a re-examination requirement.

## II

"[W]here Congress has provided a statutory procedure for the review of an administrative order, such procedure is exclusive." *Oling v. Air Line Pilots Ass'n.,* 346 F.2d 270, 276 (7th Cir.), *cert. denied,* 382 U.S. 926, 86 S.Ct. 313, 15 L.Ed.2d 339

(1965); *see Whitney National Bank v. Bank of New Orleans & Trust Co.,* 379 U.S. 411, 420, 85 S.Ct. 551, 557, 13 L.Ed.2d 386 (1965). The F.A.A. acted in this case pursuant to 49 U.S.C. § 1429(a),[2] the statute authorizing reinspection, reexamination, amendment, suspension, and revocation of certification. The statute provides for giving deference to the F.A.A. and N.T.S.B., bodies possessing expertise in areas outside the conventional experience of judges, by requiring the completion of the administrative process, with a ruling by the N.T.S.B. where applicable, before commencing the judicial review proceeding.[3] This requirement was not met in this case. And most importantly, in plain disregard of the express terms of section 1486 of the Act, which prescribes direct and exclusive review in the court of appeals,[4] plaintiff instituted the present action in the district court. This action is in derogation

2. 49 U.S.C. § 1429(a) provides in relevant part:
   The Administrator may . . . reexamine any civil airman. If, as a result of any such . . . reexamination, or if, as a result of any other investigation made by the Administrator, he determines that safety in air commerce or air transportation and the public interest requires, the Administrator may issue an order amending, modifying, suspending, or revoking, in whole or in part, any type . . . airman certificate. . . . Prior to amending, modifying, suspending, or revoking any of the foregoing certificates, the Administrator shall advise the holder thereof as to any charges or other reasons relied upon by the Administrator for his proposed action and, except in cases of emergency, shall provide the holder of such a certificate an opportunity to answer any charges and be heard as to why such certificate should not be amended, modified, suspended, or revoked. Any person whose certificate is affected by such an order of the Administrator under this section may appeal the Administrator's order to the National Transportation Safety Board and the National Transportation Safety Board may, after notice and hearing, amend, modify, or reverse the Administrator's order if it finds that safety in air commerce or air transportation and the public interest do not require affirmation of the Administrator's order. . . . The filing of an appeal with the National Transportation Safety Board shall stay the effectiveness of the Administrator's order unless the Administrator advises the National Transportation Safety Board that an emergency exists. . . . The person substantially affected by the National Transportation Safe-

   ty Board's order may obtain judicial review of said order under the provisions of section 1486 of this title, and the Administrator shall be made a party to such proceedings.

3. The issues raised by appellant are necessarily intertwined with the factual setting. Of importance to this case is the fact that the proceeding before the F.A.A. is of an informal nature, while the proceeding before the N.T.S.B. permits discovery and a full evidentiary hearing thus allowing for the development of a full record. *Compare* 14 C.F.R. § 13.19(c), (d), with 49 C.F.R. §§ 821.19–21, 821.38, 821.47. *See Robinson v. Dow,* 522 F.2d 855, 858 (6th Cir.1975).

4. 49 U.S.C. § 1486 provides in relevant part:
   (a) Any order, affirmative or negative, issued by the Board or Administrator under this chapter . . . , shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. After the expiration of said sixty days a petition may be filed only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore.
   \* \* \* \* \* \*
   (d) Upon transmittal of the petition to the Board or Administrator, the court shall have exclusive jurisdiction to affirm, modify, or set aside the order complained of, in whole or in part, and if need be, to order further proceedings by the Board or Administrator. . . .

of the well settled principle that collateral attacks upon administrative orders are not permissible. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48–50, 58 S.Ct. 459, 462–463, 82 L.Ed. 638 (1938); *Robinson v. Dow*, 522 F.2d 855, 858 (6th Cir.1975); *Oling v. Air Line Pilots Ass'n.*, 346 F.2d at 276–277; *see Administrative Procedure Act* § 10(b), 5 U.S.C. § 703 (1976) ("The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action . . . in a court of competent jurisdiction."); *see also Denberg v. United States Railroad Retirement Board*, 696 F.2d 1193 (7th Cir. 1983). It is clear from the statutory scheme established by Congress that the F.A.A. order was not subject to collateral attack in the district court. *Robinson v. Dow, supra; Oling v. Air Line Pilots Ass'n., supra.* Thus the district court lacked subject matter jurisdiction over the claims asserted by plaintiff-appellant.

■ The statutorily prescribed requirements cannot be dispensed with merely because the administrative proceeding dealt with an agency's proof of specified regulatory violations, while appellant is raising a due process constitutional claim in the judicial proceeding. So long as effective means for judicial review are ultimately available where the constitutional claims can be raised, appellant may not dispense with the requirement of prior administrative review, otherwise judicial review would be an abstract process. "It is not axiomatic . . . that challenging the constitutionality of a statute on its face as opposed to its application will permit a litigant to bypass the

administrative process since under cases such as this '[t]he effect would be that important and difficult constitutional issues would be decided devoid of factual content.' " *Robinson v. Dow*, 522 F.2d at 857–858, quoting *DuBois Clubs v. Clark*, 389 U.S. 309, 312, 88 S.Ct. 450, 452, 19 L.Ed.2d 546 (1967); *see Peoria v. Gen'l Elec. Cablevision Corp.*, 690 F.2d 116, 121 (7th Cir.1982).

For these reasons we vacate the district court's judgment and remand with instructions to dismiss the complaint for lack of subject matter jurisdiction.

### III

■ Additionally it would be improper for us to assert our exclusive jurisdiction to decide on the merits the issues raised in this case. The Act's judicial review provision, 49 U.S.C. § 1486(a), calls for the filing of a petition in the court of appeals within sixty days of the conclusion of the administrative process, unless reasonable grounds for failure to do so are shown. The time requirement has been totally ignored in this case,[5] and no reasonable grounds for ignoring it have been shown. Not only has the time requirement not been complied with, but most importantly, there has been no notice of appeal filed in this court from a final decision of the administrative agency, as is required under 49 U.S.C. § 1486(a). We merely have a notice of appeal from a judgment of the district court. For us to exercise our exclusive jurisdiction under such circumstances we would, in effect, be rewriting the Act's judicial review provision.[6]

■ The notice of appeal cannot be construed constructively as one from the N.T. S.B. order, rather than from the district

---

5. This case comes to us in a gnarled procedural posture: The F.A.A. order was issued on July 18, 1980. Plaintiff filed her appeal with the N.T.S.B. on November 30, 1980. On December 3, 1980, plaintiff filed her complaint in the district court below. The district court issued its order on May 6, 1981. Plaintiff filed her notice of appeal to this court on May 14, 1981. And on October 1, 1981 the N.T.S.B. issued its initial order, pursuant to 49 C.F.R. § 821.35(b)(10). It is unclear whether the initial decision became final because of the application of 49 C.F.R.

§ 821.43 (failure of either party to file a timely notice of appeal with the full Board, or the Board does not take the initiative, within twenty days, to review the initial decision).

6. We note that 49 U.S.C. § 1486(b) places venue in the circuit court where "petitioner resides or has his principal place of business or in the United States Court of Appeals for the District of Columbia." It is unclear from the record that had the jurisdictional requirements been satisfied venue would lie in this court.

court's order. The fact that, prior to issuance of our decision, but after notice of appeal to this court was filed, the N.T.S.B. issued what appears to be a final order, is not of jurisdictional consequence. Our approach is not pedantic. Elementary principles provide for jurisdiction to be established by the facts as they exist at the time suit is commenced, and jurisdiction is not conferred or divested by later changes. *Schlesinger v. Councilman,* 420 U.S. 738, 742 n. 5, 95 S.Ct. 1300, 1305 n. 5, 43 L.Ed.2d 591 (1975); *Clarke v. Mathewson,* 37 U.S. 164, 171 (12 Pet.), 9 L.Ed. 1041 (1838); *Lister v. Comm'rs Court,* 566 F.2d 490, 493 (5th Cir. 1978); *Bowles v. Pogue Distillery Co.,* 63 F.Supp. 816 (E.D.Ky.1945); *see generally* 2 J. Moore, *Moore's Federal Practice,* ¶ 3.04, ¶ 3.06[1] (2d ed. 1982). It would be unprincipled if our jurisdiction was dependent on the happenstance of an agency rendering its final order subsequent to the filing of the notice of appeal, but prior to our consideration of the appeal.

## IV

For the foregoing reasons we dismiss the appeal, vacate the district court's judgment, and remand the case to the district court with instructions to dismiss the complaint for lack of subject matter jurisdiction.

Heaney, Circuit Judge, filed a dissenting opinion.