787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PETER A. MADJIWITA, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; DEPARTMENT OF
TRANSPORTATION; UNITED STATES COAST GUARD, Respondent.
 85-3753
 United States Court of Appeals, Sixth Circuit.
 3/7/86
 
 REVIEW DISMISSED
 N.T.S.B.
 ORDER
 BEFORE: KENNEDY, CONTIE and RYAN, Circuit Judges.
 
 
 1
 This matter is before the Court upon the National Transportation Safety Board's motion to dismiss the petition for review of the petitioner, Peter A. Madjiwita, for failure to file his petition for review in a timely manner, and petitioner's response thereto.
 
 
 2
 Petitioner requests that since no prejudice has been afforded to the respondent by the untimely filing and in the interest of the proper disposition of his petition for review, that this Court permit the filing of the petition instanter or as of September 18, 1985. However, pursuant to 49 U.S.C. Sec. 1903(a)(9), 49 C.F.R. Part 825, the Board has the authority to review sanctions imposed by the Coast Guard in merchant marine cases. An order of the Board is subject to review by the appropriate court of appeals upon filing of a petition for review within sixty (60) days after entry of the order, pursuant to 49 U.S.C. Sec. 1903(d). The date of entry of an order of the Board is the date on which the order is served, pursuant to 49 C.F.R. Sec. 821.64.
 
 
 3
 In the case at bar, as previously stated, the entry date of the order is July 15, 1985, the day on which it was served upon petitioner. Thus, petitioner's petition for review should have been filed on or before September 13, 1985 which is sixty (60) days from July 15, 1985, the date of entry and service. However, the petition for review was not filed until September 18, 1985, the date it was received by the Clerk, although it was mailed on September 13, 1985. However, pursuant to Federal Rule of Appellate Procedure 25(a) '[f]iling may be accomplished by mail addressed to the clerk, but filing shall not be timely unless the papers are received by the clerk within the time fixed for filing.' In addition, it is well established that a time limit such as that imposed by 49 U.S.C. 1903(d) is jurisdictional and judicial review may be had only upon a petition which is filed within sixty (60) days of entry of an order of the Board. Kahler-Ellis Co. v. Ohio Turnpike Commission, 225 F.2d 922 (6th Cir. 1955). See Gaunce v. deVincentis, 708 F.2d 1290, 1293 (7th Cir.), cert. denied, 464 U.S. 978 (1983).
 
 
 4
 For the foregoing reasons, it is ORDERED that the motion to dismiss be and hereby is granted.