George D. MACE, Jr., Plaintiff–Appellant,

v.

Samuel K. SKINNER, Secretary, Department of Transportation; James B. Busey, IV, Administrator, FAA; C. Dean McGrath, Jr., Acting General Counsel, Department of Transportation; Neil R. Eisner, Assistant General Counsel, Department of Transportation; Kenneth P. Quinn, Chief Counsel, FAA; Gregory S. Walden, former Chief Counsel, FAA; Daniel D. Campbell, General Counsel, National Transportation Safety Board; John M. Stuhldreher, former General Counsel, National Transportation Safety Board; John H. Cassady, Deputy Chief Counsel, FAA; Donald P. Byrne, Assistant Chief Counsel, FAA; Peter J. Lynch, lawyer, FAA; Mardi R. Thompson, lawyer, FAA; Aren R. Bury, lawyer, FAA; Joseph A. Conte, lawyer, FAA; Harry S. Gold, lawyer, FAA; Dewitte T. Lawson, Jr., Assistant Chief Counsel, FAA; Olivia J. Valentine, lawyer, FAA, Defendants–Appellees.

No. 92–17014.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 17, 1994.

Decided Sept. 6, 1994.

Lawrence B. Smith, Tucson, AZ, for plaintiff-appellant.

Sushma Soni, U.S. Dept. of Justice, Washington, DC, for defendants-appellees.

v. *National Transp. Safety Bd.*, 948 F.2d 781 (D.C.Cir.1991) (TABLE).

Before: REINHARDT and LEAVY, Circuit Judges, and McLAUGHLIN,* District Judge.

LEAVY, Circuit Judge:

In this case we are called upon to determine whether a district court can exercise federal question jurisdiction over a *Bivens*-type action that challenges conduct arising out of an administrative agency decision, when the relevant statute appears to vest jurisdiction exclusively in the appellate courts. The district court concluded that it lacked subject matter jurisdiction over the action and dismissed the complaint. For the reasons which follow, we vacate the dismissal order and remand for further proceedings.

## FACTS AND PRIOR PROCEEDINGS

George D. Mace, Jr. ("Mace") held an aircraft mechanic's certificate, known in the industry as an A & P license, and an Inspection Authorization (jointly, "certificate") issued by the Federal Aviation Administration ("FAA"). This certificate entitled Mace to inspect, repair, and certify as airworthy certain small, general purpose aircraft. On July 9, 1990, the FAA issued an emergency order revoking Mace's certificate as the result of alleged violations of FAA safety regulations stemming from Mace's purported failure to properly inspect and repair airplanes.

Mace challenged this revocation order some two weeks later by appearing before an administrative law judge ("ALJ") of the National Transportation Safety Board ("NTSB"). The ALJ affirmed the revocation order, and Mace appealed from that decision to the full board of the NTSB ("Board"). When Mace failed to file his appellate brief within the prescribed time, however, the Board dismissed his appeal. Mace then sought review of the Board's dismissal in the United States Court of Appeals for the District of Columbia Circuit. The D.C. Circuit denied review by unpublished order. *Mace*

During the pendency of his appeal to the D.C. Circuit, Mace filed this action in Arizona federal district court. Mace's complaint named as defendants eighteen present and former officials of the FAA, NTSB, and the Department of Transportation ("DOT") (collectively, "Defendants"), all of whom were sued in their individual capacities. As a "General Background Allegation," the complaint described the emergency order revoking Mace's certificate. It then asserted that the FAA's use of the emergency order, and Mace's trial before the NTSB, violated Mace's due process and jury trial rights guaranteed under the Fifth and Sixth Amendments to the Constitution. The complaint enumerated these constitutional violations in thirteen separate causes of action. In these causes of action, Mace alleged that the FAA was not authorized to revoke certificates as a sanction for violating aviation safety regulations, nor was the NTSB authorized to try such revocations; that only fines were authorized as a sanction for safety violations; that the FAA failed to promulgate rules relating to the revocation procedures, to give the public notice of and an opportunity to comment on such rules, and to publish them in the *Federal Register*; and that the FAA's emergency procedures failed to accord Mace adequate notice of the revocation of his certificate. Besides these broad challenges to the legitimacy of the FAA's revocation procedures, Mace also argued more specifically in his twelfth cause of action that the FAA's revocation of his certificate was irrational because his use of the certificate posed no threat to air safety or to the public.

The Defendants moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(2), (5), and (6). The district court dismissed the complaint with prejudice under Rule 12(b)(1), holding that it lacked subject matter jurisdiction over the action because the power to review Board decisions upholding FAA orders was vested exclusively in the federal

---

* The Honorable Linda Hodge McLaughlin, United States District Judge for the Central District of California, sitting by designation.

appellate courts. Mace then filed a timely motion for reconsideration under Fed. R.Civ.P. 59(e), which the district court denied. Mace has timely appealed from that ruling.

## ANALYSIS

### *Standard of Review*

■ While we would ordinarily review the district court's denial of Mace's motion to reconsider for an abuse of discretion, *see School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994), we must examine *de novo* the court's underlying decision to dismiss the complaint for lack of subject matter jurisdiction. *See Hooker v. United States Dep't of Health & Human Servs.*, 858 F.2d 525, 529 (9th Cir. 1988).

### *Discussion*

■ The relevant jurisdictional provision of the Federal Aviation Act ("Act"), Pub.L. No. 85–726, 72 Stat. 731 (1958) (codified as amended throughout Titles 14, 15, 16, 31, 40, 48, 49, 49 App., 50, and 50 App. of the United States Code) provides that

> [a]ny order ... issued by the Board ... under this chapter ... shall be subject to review by the courts of appeals of the United States.... [T]he court[s of appeals] shall have exclusive jurisdiction to affirm, modify, or set aside the order ... and if need be, to order further proceedings by the Board[.]

49 U.S.C.App. §§ 1486(a), (d). For purposes of this section, "order" carries a note of finality, and applies to "an[y] agency decision which 'imposes an obligation, denies a right, or fixes some legal relationship.'" *Atorie Air, Inc. v. FAA*, 942 F.2d 954, 960 (5th Cir.1991) (quoting with approval *Nevada Airlines, Inc. v. Bond*, 622 F.2d 1017, 1020 n. 5 (9th Cir.1980)). In other words,

> [i]f the order provides a "definitive" statement of the agency's position, has a "direct and immediate" effect on the day-to-day

business of the party asserting wrongdoing, and envisions "immediate compliance with its terms," the order has sufficient finality to warrant the appeal offered by section 1486.

*Atorie Air*, 942 F.2d at 960 (citing with approval *Southern Cal. Aerial Advertisers' Ass'n v. FAA*, 881 F.2d 672, 675 (9th Cir. 1989)).

With respect to direct review of final orders issued by the Board, we recently noted that the jurisdiction afforded the courts of appeals under 49 U.S.C.App. § 1486 (section 1006 of the Act) is exclusive of the district courts. *Clark v. Busey*, 959 F.2d 808, 811 (9th Cir.1992). In *Clark*, the plaintiff sought declaratory and injunctive relief against the FAA, arguing, *inter alia*, that the agency had acted unlawfully by failing to publish in the pages of the *Federal Register* a verbatim copy of the complainant's original petition for rulemaking. The district court dismissed the action without prejudice after the FAA voluntarily agreed to provide the relief sought in the action. The plaintiff then moved for payment of his costs and attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The district court denied the motion for fees and costs on the ground that the FAA had been "substantially justified" in its actions, and the complainant appealed.

■ Although we upheld the denial of costs and attorney's fees, we concluded that the district court lacked subject matter jurisdiction over the underlying action because the challenge to the FAA's final order (i.e., its refusal to publish the complainant's petition) had to be made by way of appeal to this court. *Clark*, 959 F.2d at 811–12 (discussing 49 U.S.C.App. § 1486). Thus, and for purposes of the instant appeal, *Clark* may be read as standing for the proposition that section 1006 of the Act generally preempts district courts from exercising jurisdiction under 28 U.S.C. § 1331 over claims against FAA, NTSB, and DOT officials involving final orders that are otherwise subject to judicial review under the Act.[1] *Id.* at 811.

---

1. While the Defendants dispute Mace's contention that the FAA's action in issuing the emergen-

cy revocation order was illegal and unconstitutional, both sides effectively concede that the

Two decisions from other circuits reach the same conclusion. *See Green v. Brantley*, 981 F.2d 514 (11th Cir.1993) and *Gaunce v. deVincentis*, 708 F.2d 1290 (7th Cir.) (per curiam), *cert. denied*, 464 U.S. 978, 104 S.Ct. 417, 78 L.Ed.2d 354 (1983). Both *Green* and *Gaunce* involved collateral attacks filed in district court in which the plaintiffs attempted to challenge FAA revocation orders on the ground that those orders violated the complainants' due process rights. In both cases the appellate courts held that the plaintiffs could not bypass the congressionally mandated administrative process for challenging final actions of the FAA by bringing suit in federal district court, because section 1006 of the Act preempts district courts from exercising federal question jurisdiction over such claims. *See Green*, 981 F.2d at 520–21; *Gaunce*, 708 F.2d at 1292–94. As the court noted in *Green*,

> Where Congress has provided in the courts of appeals an exclusive forum for the correction of procedural and substantive administrative errors, a plaintiff may not bypass that forum by suing for damages in district court. Indeed, the Ninth Circuit has recently held that "[t]he district court's federal question jurisdiction is *preempted* by Section 1006 of the Federal Aviation Act [49 U.S.C.App. § 1486] as to those classes of claims reviewable under Section 1006." *Clark v. Busey*, 959 F.2d 808, 811 (9th Cir.1992) (emphasis added). The merits of Green's *Bivens* claims are inescapably intertwined with a review of the procedures and merits surrounding the FAA's order. Section 1486 mandates review by a court of appeals. Hence, Green's suit for damages constitutes an impermissible collateral challenge to the agency order, and the district court lacks subject matter jurisdiction.

981 F.2d at 521 (footnote omitted; emphasis and brackets in original).

order, regardless of its alleged impropriety, fell within the parameters of the applicable statutory and regulatory scheme. Accordingly, the order itself is reviewable under the Act.

**2.** While not relevant to our discussion of the jurisdictional issue, we note that we previously rejected most of Mace's constitutional claims in

The gist of the Defendants' argument is that *Clark*, when read in conjunction with *Green* and *Gaunce*, holds that a disgruntled (former) FAA license holder cannot attack the constitutionality of agency actions or procedures in district court, because only appellate courts have the limited jurisdiction to review those agency actions to see if they comport with the procedural dictates set out in the applicable regulations. From this the Defendants urge us to affirm the district court's ruling that it lacked subject matter jurisdiction over Mace's *Bivens*-type action. This we decline to do.

■ Unlike the situation presented in *Clark*, Mace is seeking to recover damages, a remedy not found among the possibilities of "affirm[ing], modify[ing], or set[ting] aside the order complained of." *See* 49 U.S.C.App. § 1486(d). More importantly, although Mace's claims stem from the revocation of his certificate, they constitute a broad challenge to the allegedly unconstitutional actions of the FAA, NTSB, and DOT.[2] Finally, and with the exception of Mace's twelfth cause of action (which is obviously barred by operation of section 1006 of the Act), his complaint is not based on the merits of any particular revocation order.

In comparing the facts of the instant case to *Green* and *Gaunce*, we note that the plaintiff in *Green* challenged FAA actions rather than procedures. In this respect, Mace's claims differ from those asserted in *Green*, where it was the *conduct* of FAA officials in adjudicating a specific individual claim that was under attack. *See Green*, 981 F.2d at 518 (allegations that defendants "conspired to present false accusations" against plaintiff). *Gaunce*, on the other hand, is factually closer to the situation here, because the plaintiff in *Gaunce*, like Mace, broadly challenged the constitutionality of the FAA's revocation procedures. *See Gaunce*, 708 F.2d at 1291.

*Go Leasing, Inc. v. NTSB*, 800 F.2d 1514 (9th Cir.1986), an action that was brought by Mace's present counsel. Indeed, Mace advances only one claim—based on the nondelegation doctrine—that does not appear to have been resolved by our decision in *Go Leasing*.

In rejecting the argument that section 1006 of the Act did not constitute an absolute bar to a district court's entertaining jurisdiction over a challenge to allegedly unconstitutional agency actions and procedures, the court in *Gaunce* found it irrelevant that "the administrative proceeding dealt with an agency's proof of specified regulatory violations, while appellant is raising a due process constitutional claim in the judicial proceeding." *Id.* at 1293. With all due respect to the Seventh Circuit, we cannot agree with this conclusion.

In *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991), the Supreme Court rejected an argument advanced by the Immigration and Naturalization Service ("INS") that the judicial review provisions covering the denial of individual Special Agricultural Worker ("SAW") applications, which prescribed exhaustion of administrative remedies prior to review in the federal courts of appeals, barred the plaintiffs from broadly challenging in federal district court the constitutionality of INS procedures for implementing the SAW program. *Id.* at 494, 111 S.Ct. at 897. The Court emphasized that the relevant statutory review provision applied to "direct review of individual denials of SAW status," but did not preclude district court jurisdiction over "general collateral challenges to unconstitutional practices and policies[.]" *Id.* at 492, 111 S.Ct. at 896. The Court reaffirmed this holding last year, declaring that a statutory provision governing the review of single agency actions does not apply to challenges to "a practice or procedure employed

in making [numerous] decisions." *Reno v. Catholic Social Servs., Inc.*, — U.S. —, —, 113 S.Ct. 2485, 2495, 125 L.Ed.2d 38 (1993). *Accord Reardon v. United States*, 947 F.2d 1509, 1514 (1st Cir.1991) (en banc) (in upholding district court's exercise of jurisdiction over constitutional challenge to CERCLA statute despite statute's jurisdictional bar governing review of remedial actions, appellate court emphasized that case involved challenge to statute itself as opposed to "merits of any particular removal or remedial action").[3]

■ As already noted, Mace's claims, like those asserted in *McNary*, are not based on the merits of his individual situation, but constitute a broad challenge to allegedly unconstitutional FAA practices.[4] Moreover, and like the claims advanced in *McNary*, the administrative record for a single revocation would have little relevance to Mace's constitutional challenges here. In addition, any examination of the constitutionality of the FAA's revocation power should logically take place in the district courts, as such an examination is neither peculiarly within the agency's "special expertise" nor an integral part of its "institutional competence." *Cf. McCarthy v. Madigan*, — U.S. —, —, —, 112 S.Ct. 1081, 1086, 1088, 117 L.Ed.2d 291 (1992).[5] Finally, nowhere in *Clark* did we say or imply that a district court could never exercise federal question jurisdiction over any action brought against FAA, NTSB, and/or DOT officials; rather, we declared that "[t]he district court's federal question jurisdiction is preempted by section 1006 of

---

**3.** *But see Grant v. Shalala*, 989 F.2d 1332 (3d Cir.1993) (statutory provision governing review of final decision of Secretary of Department of Health and Human Services precluded district court from exercising jurisdiction over class action alleging ALJ bias). In dissent, however, Judge Higginbotham argued that *McNary* drew a clear distinction between the review of individual claims and "general collateral challenges to [an agency's] unconstitutional practices and policies[.]" 989 F.2d at 1350 (Higginbotham, J. dissenting).

**4.** More precisely, all but one of Mace's claims— *viz.*, his twelfth cause of action—involve broad constitutional issues rather than specific claims

arising out of the facts of his individual case. *See supra* at 856, 858–859.

**5.** While *McCarthy v. Madigan*, — U.S. —, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992), upon which Mace heavily relies, is not squarely on point, its reasoning is relevant to this issue. In *McCarthy* the Court explained that exhaustion of administrative remedies is important "when the agency proceedings in question allow the agency to apply its special expertise." — U.S. —, 112 S.Ct. at 1086. On the other hand, exhaustion is much less likely to be required when the agency "lacks institutional competence to resolve the particular type of issue presented, such as the constitutionality of a statute." *Id.* at —, 112 S.Ct. at 1088.

the Federal Aviation Act *as to those classes of claims reviewable under section 1006.* 959 F.2d at 811 (emphasis added).

In the light of the above, we conclude that the district court erred by holding that it lacked subject matter jurisdiction over Mace's *Bivens*-type complaint. In reaching this conclusion, however, we do not mean to imply that Mace's complaint may not be subject to dismissal under Fed.R.Civ.P. 12(b)(6), nor that, after development of the record, it may not be a candidate for summary judgment under Fed.R.Civ.P. 56(c).[6] We hold only that, on the face of the complaint filed in the district court, we cannot conclude as a matter of law that "[t]he merits of [Mace's] *Bivens* claims are [so] inescapably intertwined with a review of the procedures and merits surrounding the FAA order[ ]" that his action amounts to nothing more than a thinly disguised attempt at an end-run around the jurisdictional limitation imposed by section 1006 of the Act. *See Green,* 981 F.2d at 521. Accordingly, we must vacate the district court's order of dismissal with prejudice and remand for further proceedings.

## CONCLUSION

The decision appealed from is

VACATED and the case REMANDED for further proceedings consistent with the above.

---

**6.** Although we decline to go beyond the initial jurisdictional question in this opinion, we note that the Defendants vigorously asserted, both below and on appeal, three alternative bases for dismissing Mace's complaint: First, that the FAA's comprehensive remedial scheme constitutes special factors counselling hesitation against creating a *Bivens*-type remedy in the context of FAA license revocation procedures, *see Schweiker v. Chilicky,* 487 U.S. 412, 427, 108 S.Ct. 2460, 2469, 101 L.Ed.2d 370 (1988); second, that the complaint failed to state a claim under the Constitution; and third, that the Defendants are protected from suit by the doctrines of absolute and/or qualified immunity. Because the district court dismissed Mace's complaint with prejudice and without ruling on these arguments in the context of a (possible) amended complaint, we elect not to reach the merits of the Defendants' alternative arguments here.