85 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ashley Hunt GREENWOOD and Frances Greenwood, Plaintiffs-Appellants,
v.
Howard L. MANNING, Paulus Van Emmerick, Richard Mayfield,
Raymond Murphy, and the United States of America,
Defendants-Appellees.
 No. 95-15183.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1996.
Decided May 7, 1996.
 
 1
 Before: NORRIS and WIGGINS, Circuit Judges, and JONES, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Following well-settled Ninth Circuit caselaw, we hold that the district court did not have subject matter jurisdiction over appellant Ashley Greenwood's action for damages against the United States and individual employees of the Federal Aviation Administration ("FAA").
 
 
 4
 Greenwood's action for damages is, at heart, a challenge to the FAA's orders suspending and not renewing his Pilot Examination Designation. Under the plain language of the Federal Aviation Act, the court of appeals has exclusive jurisdiction over such an action. 49 U.S.C. § 46110 (granting exclusive jurisdiction in the courts of appeals "to affirm, amend, modify, or set aside" FAA orders). This court has repeatedly held that section 46110 preempts subject matter jurisdiction in the district courts. See, e.g., Roundtree v. United States, 40 F.3d 1036, 1038 (9th Cir.1994); Clark v. Busey, 959 F.2d 808, 811 (9th Cir.1992). The only exception to this grant of exclusive jurisdiction applies where a plaintiff brings a "broad challenge to allegedly unconstitutional FAA practices." Mace v. Skinner, 34 F.3d 854, 859 (9th Cir.1994). Because Greenwood is challenging specific decisions of the FAA, and not its general policies or procedures, the district court did not have subject matter jurisdiction.
 
 
 5
 Greenwood argues that the district court had jurisdiction over his equal protection claim because this court gave that claim inadequate consideration when he presented it in his direct petition for review. See Greenwood v. Manning, 28 F.3d 971 (9th Cir.1994) [hereinafter "Greenwood I "]. His theory is that in Greenwood I, this court "sent [his equal protection claim] back to the district court for further development of his claim, and the district court declined to accept." Appellant's Br. at 23. We reject this argument. This court did not, in fact, send Greenwood's claim to the district court for further development of the record, nor did it have the power to do so.
 
 
 6
 Because the district court did not have subject matter jurisdiction over Greenwood's action, it did not err in dismissing his pendent state-law claims.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Napoleon A. Jones, Jr., United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3