91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. BOSTICK, Plaintiff-Appellant,
v.
RELIANCE ELECTRIC, Reliance Comm/Tec Corporation's Network
Services; Life Insurance Company of North
America, Defendants-Appellees.
 No. 94-17227.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided July 29, 1996.
 
 1
 Before: BROWNING and NOONAN, Circuit Judges, and MERHIGE,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Bostick appeals the district court's dismissal for lack of subject matter jurisdiction.
 
 
 4
 We review a dismissal under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction de novo. Mace v. Skinner, 34 F.3d 854, 857 (9th Cir.1994).
 
 
 5
 This Court has no jurisdiction under ERISA if Bostick has no standing to sue under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a). Curtis v. Nevada Bonding Corp., 53 F.3d 1023, 1026-27 (9th Cir.1995). Under § 1132(a), only a plan participant, beneficiary, or fiduciary can bring a civil action to clarify rights or recover benefits under a plan. 29 U.S.C. § 1132(a). A plan "participant" is "any employee or former employee of an employer ... who is or may become eligible to receive a benefit" of an ERISA plan. 29 U.S.C. § 1002(7).[1] Whether Bostick is a participant must be determined as of the time he filed suit. Harris v. Provident Life and Accident Insurance Co., 26 F.3d 930, 933 (9th Cir.1994). Since he had been discharged when he filed this action, Bostick qualifies as a "participant" under ERISA only if he has "a reasonable expectation of returning to covered employment or a colorable claim to vested benefits." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989).
 
 
 6
 Bostick did not qualify as a plan participant under the test articulated in Firestone. He clearly had no reasonable expectation of returning to work at Reliance; nor did he have a "colorable claim to vested benefits" under the plan.
 
 
 7
 Because the plan requires a six-month waiting period before workers are entitled to long term disability benefits, Bostick was not qualified for any benefits between the onset of his disability in May, 1992 and his termination on June 1, 1992. The fact that his disability continued longer than six months is irrelevant because his status as a plan participant ended when he was terminated in June, 1992.
 
 
 8
 Under the plan, Bostick's disability insurance ends on the earliest of several dates, one of which is when the individual ceases to be an employee. Even if Bostick did fall within the exception set out in paragraph (4)(a), which allows insurance to continue if the worker ceased being on active service because of total disability, his insurance coverage still ended when he was discharged from Reliance. Read in context, paragraph (4)(a) provides an exception only to the language in paragraph (4) that insurance ends when an employee's active service ends; it does not create an exception to the general rule of the termination provision, that insurance ends when the earliest of listed triggering events occurs. Bostick's insurance coverage ended when he was terminated.
 
 
 9
 Under the plan, insurance coverage does not end only when the employee terminates employment, even though the plan states that coverage ceases "when you terminate your employment." The policy as a whole uses the phrase "when you terminate" as a synonym for an employee's departure from work for any reason. If the plan were interpreted as ending coverage only when workers quit voluntarily, benefits for employees who were fired for cause would continue indefinitely, a clearly unintended result. Insurance ends when the worker "ceases to qualify as an Employee," unless the employee's active service ends because of disability. SER 8 Exh. 1 at LM-6N12.
 
 
 10
 Bostick argues that to hold termination ended Bostick's long term disability coverage would allow employers to fire disabled employees to avoid paying benefits. Discharging an employee for exercising his rights under a benefit plan or interfering with those rights is already prohibited by § 510 of ERISA, 29 U.S.C. § 1140. If Bostick believed he was fired because Reliance wanted to avoid paying his benefits, he could have sued under § 510.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bostick has not argued that he is a "beneficiary" as defined in 29 U.S.C. § 1002(8). In any event, Bostick is only a beneficiary if he is a participant who has designated himself as the beneficiary, since the Plan does not designate Bostick as a beneficiary. Accordingly, we only consider whether he was a plan participant