**John E. GREEN, Plaintiff–Appellee,**

v.

**J. Kenneth BRANTLEY, Edgar V. Lewis, Craig R. Smith, and Garland P. Castleberry, Defendants–Appellants.**

**No. 89–8150.**

United States Court of Appeals, Eleventh Circuit.

Jan. 21, 1993.

---

James R. Schulz, Asst. U.S. Atty., Atlanta, GA, Barbara L. Herwig, Appellate Staff, Civ. Div., Dept. of Justice, Wendy M. Keats, Robert Kopp, Supv. Atty., Washington, DC, for defendants-appellants.

Gerald Cunningham, Office of Gerald Cunningham, Atlanta, GA, for plaintiff-appellee.

Before KRAVITCH and ANDERSON, Circuit Judges, and LYNNE [*], Senior District Judge.

LYNNE, Senior District Judge:

The question facing the panel on this interlocutory appeal after remand from the en banc Court, *Green v. Brantley*, 941 F.2d 1146 (11th Cir.1991), is whether the court below should have granted the defendants-appellants' motion for summary judgment based on qualified immunity. First, however, this Court has the obligation to " 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.' " *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237,

244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934)), *quoted in FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990). Because the courts of appeals have exclusive jurisdiction over cases challenging final orders of the Federal Aviation Administration ("FAA"), 49 U.S.C. App. § 1486, we find that the district court lacked subject matter jurisdiction over this action. Accordingly, we vacate the district judge's order and remand the case with instructions that it be dismissed for lack of subject matter jurisdiction.

## I. FACTS AND PROCEEDINGS BELOW

Plaintiff-appellee, John E. Green ("Green"), held a Designated Pilot Examiner ("DPE") certificate from 1974 until it was rescinded in August of 1986. It had been renewed each year and was scheduled to expire in December of 1986. The Mid-South Flight Standards District Office supervised Green's actions as a pilot examiner. Defendant, J. Kenneth Brantley ("Brantley"), was employed as an Aviation Safety Inspector at that office and had renewed Green's DPE certificate in December of 1985. Defendant, Edgar V. Lewis ("Lewis"), was Supervisor of the Operations Unit for that office, and defendant, Craig R. Smith ("Smith"), was the Office Manager. Defendant, Garland P. Castleberry ("Castleberry"), was Director of the Southern Region of the FAA. Each defendant was an FAA official.

The DPE certificate that Green held was issued by the FAA pursuant to 49 U.S.C.App. § 1355(a) and the regulations contained in 14 C.F.R. §§ 183.11 through 183.23. Section 1355(a) gives the Secretary of Transportation the authority to delegate to private persons any business or function pertaining to the examination, testing, and inspection of pilots and the issuance of pilot certificates. 49 U.S.C.App. § 1355(a). Section 1355(a) further provides that the Secretary "may rescind any delegation made by

---

[*] Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

him pursuant to this subsection at any time and for any reason which he deems appropriate." *Id.* The Secretary has delegated to "[a]ny local [FAA] Flight Standards Inspector" the duty to certify private pilots as designated pilot examiners "whenever [the inspector] determines there is a need for one." 14 C.F.R. § 183.11(b). Such private pilots are representatives of the FAA. The DPE certificate is valid for one year and may be renewed. 14 C.F.R. § 183.-15(b). Also, it may be terminated "(1) Upon the written request of the representative; ... (4) Upon a finding by the Administrator that the representative has not properly performed his duties under the designation; (5) Upon the assistance of the representative being no longer needed by the Administrator; or (6) For any reason the Administration considers appropriate." 14 C.F.R. § 183.15(d). The certificate authorizes private pilots to conduct flight tests for certification of pilots on behalf of the FAA. Examiners may charge a fee for the tests.

The FAA's focus on Green originated from a routine investigation of the pilot examiner program that Brantley conducted in early 1986. Brantley claims that he noted irregularities in Green's flight tests and reported his concerns to Smith, who authorized an investigation. Brantley first told Green of the investigation in early June of 1986, and indicated that there was concern over the brief manner in which Green had conducted flight tests. Although Green immediately wrote several letters requesting information, he was not presented with any specific charges or facts at that time. Based on the preliminary findings of the investigation, Smith and Lewis decided to meet with Green in person on July 7, 1986.

When the July 7, 1986, meeting began, Lewis and Smith offered to have the conversation transcribed. Green said that would not be necessary. Green was told that numerous written and oral complaints had been lodged against him. He again asked for specific information but was told that no information could be released while the investigation continued. Lewis and Smith also told Green that they had reason to question the adequacy of his check flights. At the end of the meeting, Lewis and Smith gave Green a letter that summarized the meeting, the complaints against him, and the status of the investigation. That letter stated expressly that the investigation was "on going." The letter also warned that "[a]ny further evidence of abuse or lack of performance of duties may be grounds for immediate withdrawal of your designation."

In early August, Smith received a letter from Kenneth Terrell complaining about a check ride that Green had administered on August 2, 1986. In his affidavit, Smith stated that "[t]he letter indicated ... that even after our meeting with Mr. Green and our warnings to him that Mr. Green had no intention of changing his method of operation." Smith convened a meeting with Brantley, Lewis, and another inspector to review Green's file. They each recommended that Green's DPE certificate be terminated immediately. Before Smith made the final decision to cancel Green's certificate, he consulted with the regional counsel for the FAA, Ronald R. Hagadore, and another attorney in the office of the regional counsel, Eddie Thomas. Smith also briefed defendant, Garland Castleberry. Smith wrote Green on August 15, 1986, advising him that his DPE certificate was rescinded.

On August 19, 1986, Green's attorney wrote Castleberry to request his assistance in restoring Green's certificate. Castleberry responded on September 8, 1986, advising that he would not stay the action taken by the Mid–South Flight Standards District Office. Green's attorney again wrote Castleberry on September 12, 1986. On November 5, 1986, Castleberry wrote back, saying that the prior decision to cancel Green's designation was correct and in the best interest of the FAA and aviation safety.

It appears that neither Green nor his attorney further pursued the matter through any appeal to the FAA Administrator or otherwise. On October 7, 1986, however, the Director of Flight Standards, FAA Headquarters, wrote a letter on be-

half of the FAA Administrator to numerous people who had written directly to the Administrator on Green's behalf.[1]

Green filed suit in the United States District Court for the Northern District of Georgia on April 8, 1987, seeking recovery for constitutional torts under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). Each of his claims was based upon the FAA's termination of his DPE certificate. In his original complaint, Green sued the four defendants in their individual capacities, seeking damages for depriving him of liberty and property interests without due process in violation of the fifth amendment of the U.S. Constitution and the Administrative Procedure Act, 5 U.S.C. § 558(c). He later amended his complaint to allege that, during the course of events resulting in the rescission of his certificate, three of the defendants conspired to present false accusations against him with the intent to cause his financial ruin because in 1982 he had exercised his rights under the first amendment of the Constitution by testifying against the United States in an unrelated action. The district court interpreted the amended claim as contending that the defendants conspired to deprive Green of his first amendment right to free speech. *Green v. Brantley*, 719 F.Supp. 1570, 1580 (N.D.Ga. 1989).

Defendants-appellants moved for summary judgment based on both the merits of Green's claims and qualified immunity. On January 20, 1989, the district court granted the motion in part and denied it in part.

*Id.*, 719 F.Supp. at 1572, 1584. The defendants-appellants appealed only the denial of qualified immunity under *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Neither the parties nor the district court ever raised the question of that court's subject matter jurisdiction, which we shall now endeavor to answer.

## II.  JURISDICTION

Green's complaint asserted that the district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Under 49 U.S.C.App. § 1486, however, the courts of appeals have exclusive jurisdiction over review of "[a]ny order, affirmative or negative, issued by the Board or Secretary of Transportation under this chapter." Initially, we must determine whether a court of appeals would have jurisdiction to review the agency's action under Section 1486. If a court of appeals has exclusive jurisdiction to review the agency's action, we must determine whether a plaintiff may ignore Section 1486 and maintain a *Bivens* action for damages against the FAA officials who were responsible for the agency's action.

Section 1486 applies if the FAA's termination of Green's DPE certificate constituted an "order ... issued by the Board or Secretary of Transportation under this chapter." 49 U.S.C.App. § 1486(a). Because the authority to rescind Green's certificate is conferred by 49 U.S.C.App. § 1355(a), the FAA's action was an action "under this chapter"—specifically, Chapter 20 of the Federal Aviation Act—as is required by Section 1486. Additionally, though Smith, the office manager of the

---

1. Portions of that letter, as reproduced in the Appellee's Original Brief, are as follows:

   "... You have requested that the decision to cancel Mr. Green's pilot examiner designation be reviewed to determine whether such an action is warranted by the evidence.
   Based upon my review of this matter, I have determined that the cancellation of the pilot examiner designation of Mr. Green by officials of the Federal Aviation Administration's Southern Region was appropriate.

   \*     \*     \*     \*     \*     \*

   The appointment of a pilot examiner is a privilege that is granted to an airman who will act as the Administrator's representative, serving in a manner that will enhance the image of the Federal Aviation Administration with the aviation public. The conduct of Mr. Green in his capacity as a pilot examiner has not satisfied this standard, prompting several written complaints and numerous oral complaints regarding his contacts with the public. It is my opinion that these complaints are serious enough to warrant the cancellation of Mr. Green's pilot examiner designation."

Mid–South Flight Standards District Office, actually terminated Green's certificate, the action would nevertheless be considered that of the Secretary of Transportation by virtue of the Secretary's delegation of authority. 14 C.F.R. § 183.11(b); *Atorie Air, Inc. v. FAA*, 942 F.2d 954, 959 n. 1 (5th Cir.1991) (quoting *Southern Cal. Aerial Advertisers' Ass'n v. FAA*, 881 F.2d 672, 675 (9th Cir.1989)). Consequently, if the FAA action is an "order" within the meaning of Section 1486, a court of appeals would have exclusive jurisdiction to review that order.

■ In approaching this issue, other circuits have first noted that "[t]he term 'order' in this statute has been given expansive construction." *Atorie Air*, 942 F.2d at 960. Secondly, the exclusive jurisdiction of the courts of appeals under Section 1486 "has been judicially restricted to encompass only final FAA orders." *Aeromar, C. Por A. v. Department of Transportation*, 767 F.2d 1491, 1492, *reh'g denied*, 773 F.2d 1239 (11th Cir.1985). *See also Atorie Air*, 942 F.2d at 960; *Southern Cal. Aerial Advertisers' Ass'n v. FAA*, 881 F.2d 672, 675 (9th Cir.1989). Third, the agency record must be adequate enough to support judicial review. *Greater Orlando Aviation Auth. v. FAA*, 939 F.2d 954, 959 n. 16 (11th Cir.1991); *Atorie Air*, 942 F.2d at 960; *Southern Cal. Aerial Advertisers' Ass'n*, 881 F.2d at 675.

Smith wrote Green on August 15, 1986, informing him that "effective upon receipt of this letter, your Pilot Examiner Certificate of Authority ... is hereby withdrawn." FAA orders "are not final and reviewable 'unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process.'" *Aeromar, C. Por. A.*, 767 F.2d at 1493 (quoting *Chicago & Southern Air Lines, Inc. v. Waterman Steamship Corp.*, 333 U.S. 103, 112–13, 68 S.Ct. 431, 437, 92 L.Ed. 568 (1948)). This letter clearly denies a right or fixes some legal relationship. Smith's letter was "the definitive statement on the subject matter it addressed." *City of Alexandria v. Helms*, 728 F.2d 643, 646 (4th Cir.1984),

*cited in Aeromar, C. Por. A.*, 767 F.2d at 1493. It rescinded Green's DPE certificate. Therefore, the action possesses the requisite finality.

■ Although the entire extent of the administrative record is not known, it is evident from the briefs of the parties and the record on appeal that the administrative record consists of Brantley's investigation of Green's alleged misconduct, letters written by Green and his attorney, and various letters from Smith, Castleberry, and another FAA official. The reason for requiring an adequate administrative record is so that the reviewing court may make an informed decision. *Southern Cal. Aerial Advertisers' Ass'n v. FAA*, 881 F.2d at 676. The court may review the FAA's order "so long as an administrative record adequate to permit evaluation of those claims exists." *Id.* In this case, Green's claims are based both on procedural defects and the reasons for the agency decision. The record herein would allow a reviewing court to make an informed decision of the procedure afforded and the reasons supporting the FAA's action. Indeed, the Ninth Circuit has held that a single letter was sufficient to allow review of alleged agency procedural defects. *Southern Cal. Aerial Advertisers' Ass'n v. FAA*, 881 F.2d at 676; *San Diego Air Sports Center, Inc. v. FAA*, 887 F.2d 966, 969 (9th Cir.1989). The Fifth Circuit has recognized that there was a final order and jurisdiction was present under Section 1486 when the FAA action consisted only of its refusal to return confiscated certificates. *Atorie Air*, 942 F.2d at 960. The agency record is clearly sufficient to support review by a court of appeals.

Accordingly, we find that Smith's letter rescinding Green's DPE certificate was an appealable order within the meaning of Section 1486(a). As such, a court of appeals had exclusive jurisdiction over any review of that order. 49 U.S.C.App. § 1486(a) & (d). Green, however, never actually sought judicial review of the order itself. Rather, he chose to file the present *Bivens* action claiming money damages against the four defendant FAA officials in

their individual capacities. The question that remains is whether Green could bring this *Bivens* action in district court, thereby circumventing the exclusive jurisdiction of the court of appeals under Section 1486.

The Seventh Circuit faced this same issue in *Gaunce v. deVincentis*, 708 F.2d 1290 (7th Cir.) *cert. denied*, 464 U.S. 978, 104 S.Ct. 417, 78 L.Ed.2d 354 (1983). The FAA had revoked the plaintiff's airman's certificate for one year under 49 U.S.C.App. § 1429. Under Section 1429, the plaintiff had a right to appeal the revocation to the National Transportation Safety Board ("NTSB"), which she did on November 30, 1980. *Gaunce*, 708 F.2d at 1291. On December 3, 1980, before the NTSB had rendered a decision on the appeal, she filed suit in district court against two FAA officials, apparently in their individual capacities, seeking money damages for violations of her fifth amendment right to due process. *Gaunce*, 708 F.2d at 1291–92. On May 6, 1981, the district court granted the defendants' motion for summary judgment on the grounds of qualified immunity. *Id.* (issue on appeal was "whether the defendants, [FAA] employees, are immune from a monetary damages claim", *id.* at 1291). The plaintiff appealed the order granting summary judgment on May 14, 1981. The NTSB later issued an order affirming with modification the FAA's revocation of the plaintiff's airman's certificate. Nevertheless, the case reached the Seventh Circuit on appeal of the district court's order granting summary judgment. *Id.* at 1292. Under these facts, the Seventh Circuit concluded that the district court lacked subject matter jurisdiction over the plaintiff's claims, vacated the district court's order, and remanded the case with instructions to dismiss the complaint. *Id.* at 1293. The procedural posture of *Green v. Brantley* is different only in that it reaches this panel on appeal of the *denial* of summary judgment.

The decision of the Seventh Circuit was based on "the well-settled principle that collateral attacks upon administrative orders are not permissible." *Id.* at 1292–93 (citing *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48–50, 58 S.Ct. 459, 462–63, 82 L.Ed. 638 (1938); *Robinson v. Dow*, 522 F.2d 855, 858 (6th Cir.1975); *Oling v. Air Line Pilots Ass'n*, 346 F.2d 270, 276–77 (7th Cir.), *cert. denied*, 382 U.S. 926, 86 S.Ct. 313, 15 L.Ed.2d 339 (1965)). As the Court explained, " 'where Congress has provided a statutory procedure for the review of an administrative order, such procedure is exclusive.' " *Gaunce*, 708 F.2d at 1292 (quoting *Oling*, 346 F.2d at 276). It further pointed out that the plaintiff's district court suit for damages had been brought "in plain disregard of the express terms of section 1486 of the Act, which prescribes direct and exclusive review in the court of appeals." *Gaunce*, 708 F.2d at 1292 (footnote omitted). Because Congress limited review of the FAA's final action to a court of appeals, the Seventh Circuit concluded that the district court lacked jurisdiction over the plaintiff's claims for damages; "[i]t is clear from the statutory scheme established by Congress that the F.A.A. order was not subject to collateral attack in the district court." *Id.* at 1293 (citations omitted).

*Oling v. Air Line Pilots Ass'n, supra*, an earlier Seventh Circuit Case, is also instructive. In that case, the plaintiffs, a group of airline flight engineers, had petitioned the Civil Aeronautics Board to set aside an integrated seniority list that had been drafted to implement a union merger. The Board, however, rejected their petition and approved the merger. Plaintiffs filed suit in district court against both the Air Line Pilots Association, which had merged with their union, and United Air Lines, their employer, seeking damages and injunctive relief under the Railway Labor Act. The district court granted United's motion to dismiss for lack of subject matter jurisdiction. The Seventh Circuit affirmed:

> The conclusion is inescapable that plaintiffs sought a review of the final order entered by CAB on April 24, 1964. Stated otherwise, this action constitutes a collateral attack upon such order. As we have shown, this is not permissible under the law.

*Oling*, 346 F.2d at 278.

We think the Seventh Circuit's reasoning is sound. Congress provided that FAA or-

ders "shall be subject to review by the courts of appeals or the United States Court of Appeals for the District of Columbia." 49 U.S.C.App. § 1486(a). It further provided that the courts of appeals "shall have exclusive jurisdiction to affirm, modify, or set aside the order complained of, in whole or in part, and if need be, to order further proceedings by the Board or Secretary of Transportation." 49 U.S.C.App. § 1486(d). Clearly, Green had an avenue for vindicating his substantive and procedural rights. Unfortunately, he did not avail himself of that avenue.

■■■ Where Congress has provided in the courts of appeals an exclusive forum for the correction of procedural and substantive administrative errors, a plaintiff may not bypass that forum by suing for damages in district court. Indeed, the Ninth Circuit has recently held that "[t]he district court's federal question jurisdiction is *preempted* by Section 1006 of the Federal Aviation Act [49 U.S.C.App. § 1486] as to those classes of claims reviewable under Section 1006." *Clark v. Busey*, 959 F.2d 808, 811 (9th Cir.1992) (emphasis added). The merits of Green's *Bivens* claims are inescapably intertwined with a review of the procedures and merits surrounding the FAA's order. Section 1486 mandates review by a court of appeals. Hence, Green's suit for damages constitutes an impermissible collateral challenge to the agency order, and the district court lacks subject matter jurisdiction.[2]

## III. CONCLUSION

Green's suit is an impermissible collateral challenge of the final agency order. Because the courts of appeals have exclusive

jurisdiction over review of FAA orders under 49 U.S.C.App. § 1486, the district court is without subject matter jurisdiction. We therefore vacate the order entered by the district court, and remand the action with instructions that it be dismissed for lack of subject matter jurisdiction.

VACATED and REMANDED WITH DIRECTIONS.

---

**2.** In his Supplemental Brief, Green argues that "if this court determines that [the] act of appellants is covered by Section 1486(a), then appell[ee] should be permitted to file a petition for review." Presumably, Green is requesting that this Court accept jurisdiction and review the agency action under 49 U.S.C.App. § 1486(a). Under this section, Green was required to petition for review within sixty days after the FAA's order was issued. He did not file a petition for review within that time, however, and has not demonstrated "reasonable grounds for failure to file." 49 U.S.C.App. § 1486(a).

Moreover, where, as in this situation, the court below lacks jurisdiction, " 'we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.' " *Bender*, 475 U.S. at 541, 106 S.Ct. at 1331 (quoting *United States v. Corrick*, 298 U.S. 435, 440, 56 S.Ct. 829, 831, 80 L.Ed. 1263 (1936)). Consequently, we decline Green's request to file with this Court a petition for review of the agency action.