Robert Albert TUR, Plaintiff–Appellant,

v.

FEDERAL AVIATION ADMINISTRA-
TION; Monte Belger, Administrator;
DeWitt Lawson, Western Regional
Counsel of the FAA; Samuel Frazier
and Peter Evans, Prosecutors for the
FAA, Defendants–Appellees.

No. 95–56101.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 12, 1996.

Decided Jan. 8, 1997.

William A. Bergen, Auburn, CA, for plain-
tiff-appellant.

Sushma Soni, Assistant United States At-
torney, Washington, D.C., for defendants-ap-
pellees.

Before: FERGUSON, BEEZER and
TASHIMA, Circuit Judges.

BEEZER, Circuit Judge:

Robert Tur appeals the district court's dis-
missal of his claims for monetary damages
against several Federal Aviation Administra-
tion ("FAA") employees and for rescission of
a settlement agreement which he entered
into with the FAA. We have jurisdiction
pursuant to 28 U.S.C. § 1291, and we affirm.

## I

Tur operated his own helicopter as a news reporter. The FAA issued an emergency order revoking Tur's airman's certificate in September 1991. The order charged Tur with five violations of FAA regulations. Tur sought expedited administrative review of the revocation. Appellees Samuel Frazier and Peter Evans represented the FAA in the hearing. After an October 1991 hearing, an Administrative Law Judge ("ALJ") of the National Transportation Safety Board ("NTSB") found Tur guilty of two of five charges and sustained the FAA's Order of Revocation.

The ALJ found Tur violated FAA regulations by operating his helicopter close to a pier fire in Redondo Beach. *See* 14 C.F.R. §§ 91.13, 91.111 (1992). By hovering nearby, Tur whipped smoke and heat from the blaze on firefighters, thereby hindering their efforts. The ALJ also found Tur violated FAA regulations by flying in formation with a Los Angeles Fire Department Rescue Helicopter without authorization. *See* 14 C.F.R. §§ 91.13, 91.111 (1992). By flying close to the rescue flight, Tur allegedly forced the other helicopter to alter its flight and bypass its intended landing site. Captain Patrick Quinn of the Los Angeles Fire Department, who piloted the Rescue Helicopter, testified at the hearing that he was transporting a wounded policeman between hospitals when Tur interfered with his flight.

The NTSB affirmed the ALJ's decision. We affirmed the NTSB. *Tur v. FAA*, 4 F.3d 766, 770–71 (9th Cir.1993).

Tur applied for a new airman's certificate on several occasions between 1992 and 1994. Every application was denied. Tur petitioned the FAA in 1994 to review his denial. Tur met with Evans, who allegedly told Tur that the FAA had no information indicating that the evidence used against him before the ALJ was false. Tur subsequently entered a settlement agreement with the FAA in March 1994. By the terms of that agreement, Tur agreed not to challenge the FAA's refusal to issue him a new airman's certifi-

cate or to apply for a new certificate for two years. The FAA agreed to allow him to apply for a new certificate without prejudice after two years had passed.

The city of Los Angeles also sought to prosecute Tur for his conduct in an incident where he allegedly interfered with a hoist rescue in San Pedro, California.[1] The city eventually dropped its prosecution. In response, Tur brought a suit for malicious prosecution against the city of Los Angeles. Through discovery, Tur learned of a memorandum from Captain Tony Varela of the Los Angeles Fire Department to Frazier. This memorandum informed Frazier prior to Tur's hearing before the ALJ that Varela had found no evidence indicating that the rescue helicopter had been transporting a wounded policeman. Varela testified in state court that, in addition to the memorandum, he had orally informed Frazier and Evans of this fact. Varela testified that he had also informed Quinn orally.

As a result of these discoveries, Tur commenced this action against FAA attorneys Frazier and Evans and DeWitt Lawson, their supervisor. Tur seeks monetary damages from these individuals for depriving him of his property interest in his airman's certificate without due process of law through their knowing use of false testimony against him before the ALJ. Tur also seeks rescission of the settlement agreement he entered with the FAA.

## II

The district court dismissed Tur's complaint for lack of subject matter jurisdiction. The district court concluded that the "merits of [Tur's] *Bivens* claims are inescapably intertwined with a review of the ... merits surrounding the FAA order," and as such, present an impermissible collateral challenge to the previous adjudication. We review the district court's dismissal de novo. *Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1353 (9th Cir.1995).

The judicial review provision of the Federal Aviation Act states that the courts of

---

[1] The FAA had charged Tur with violating FAA regulations at San Pedro in the revocation pro-

ceedings, but the ALJ, citing insufficient evidence, acquitted Tur of this charge.

appeals have "exclusive jurisdiction to affirm, amend, modify, or set aside" an order issued by the NTSB or the Administrator. 49 U.S.C. § 46110(c). The FAA argues that Tur's action constitutes an attempt to relitigate the merits of the previous administrative proceedings. Tur's only recourse, the FAA contends, is to petition this Court to set aside the previous order.[2]  *Id.*

We agree with the FAA that Tur's claims are inescapably intertwined with the merits of the previous revocation order. Tur's suit, if allowed to proceed, would result in new adjudication over the evidence and testimony adduced in the October 1991 hearing, the credibility determinations made by the ALJ, and, ultimately, the findings made by the ALJ. The judicial review provision of the FAA does not permit the district court to entertain such a suit. *Id.; see Foster v. Skinner,* 70 F.3d 1084, 1088 (9th Cir.1995); *Clark v. Busey,* 959 F.2d 808, 811 (9th Cir. 1992).

Tur's reliance on *Mace v. Skinner,* 34 F.3d 854 (9th Cir.1994), is misplaced. In *Mace,* we permitted a *Bivens* action challenging, *inter alia,* the FAA's and NTSB's authority to revoke certificates as a sanction for violations of aviation safety regulations, the FAA's failure to promulgate rules relating to certificate revocation procedures, and the adequacy of the notice provided by the FAA in emergency revocation proceedings. *Mace,* 34 F.3d at 856. Section 46110 did not proscribe that suit because it was not directed at the merits of a previous adjudication. Instead, the plaintiffs in *Mace* presented us with a facial challenge to the constitutionality of certain agency actions. *Id.*

The Eleventh Circuit is consistent with our approach in *Mace. Green v. Brantley,* 981 F.2d 514, 517 (11th Cir.1993). In *Green,* the FAA revoked plaintiff's Designated Pilot Ex-

aminer certificate. *Id.* Eschewing administrative adjudication, plaintiff filed a *Bivens* action in district court against a number of FAA officials, alleging they had deprived him of liberty and property interests without due process of law. *Id.* at 518. The Eleventh Circuit held that the district court lacked subject matter jurisdiction over the suit because it constituted "an impermissible collateral challenge to the agency order." *Id.* at 521.

In *Mace,* we contrasted the facial challenge to agency action presented in that case with the *Bivens* action in *Green.* "Mace's claims differ from those asserted in *Green,* where it was the conduct of FAA officials in adjudicating a specific individual claim that was under attack." *Mace,* 34 F.3d at 858. Tur's suit presents a collateral challenge to the merits of his previous adjudication. Section 46110 does not permit such suits.

## III

The settlement agreement entered into by Tur and the FAA expired in March 1996.[3] As such, Tur asks for relief which, even if jurisdiction were proper, cannot be granted by the district court. The question before us, however, is whether the district court has subject matter jurisdiction to entertain Tur's claim for rescission.

Tur's claim for rescission, much like his claim for damages, is subject to the judicial review provision of the Federal Aviation Act if the settlement agreement he entered with the FAA was an "order" within the meaning of 49 U.S.C. § 46110(a). By the terms of the agreement, Tur agreed not to apply for a license for two years. *See* 49 U.S.C. § 44702(a). The NTSB docketed the agreement. Judicial review is available when the NTSB denies an application for an airman's

---

**2.**  49 U.S.C. § 46110(a) provides:

[A] person disclosing a substantial interest in an order issued by the Secretary of Transportation (or the Administrator of the Federal Aviation Administration with respect to aviation safety duties and powers designated to be carried out by the Administrator) under this part may apply for review of the order by filing a petition for review ... in the court of appeals of the United States for the circuit in which the

person resides or has its principal place of business. The petition must be filed not later than 60 days after the order is issued. The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.

**3.**  After the settlement agreement expired, Tur applied for and was granted a new airman's certificate.

certificate. *See* 49 U.S.C. §§ 44702(a), 46110(a). As such, we conclude that the settlement agreement was an "order" subject to the terms of 49 U.S.C. § 46110.

Section 46110(c) vests authority to "affirm, amend, modify, or set aside" an order exclusively with the courts of appeals. The district court properly concluded it lacked subject matter jurisdiction over Tur's claim for rescission.

## IV

Because Tur's claim for damages against FAA officials is a collateral attack on a previous adjudication not permitted by 49 U.S.C. § 46110(c), we conclude the district court lacked jurisdiction to entertain it. Because the NTSB's adoption of the settlement agreement Tur entered into with the FAA constitutes an order, the district court likewise lacked jurisdiction to hear Tur's claim for its rescission. The district court's dismissal was proper.

AFFIRMED.