OPINION
PER CURIAM.
Steven Paul Fleming, proceeding pro se, appeals from the District Court’s dismissal of his complaint. For the reasons that follow, we will summarily affirm the judgment of the District Court.
Fleming initiated the instant action in the United States District Court for the Eastern District of Pennsylvania on December 8, 2008. In his complaint, he alleged that he was a pilot who was misdiagnosed by the Veterans Administration Medical Center as having paranoid schizo *737 phrenia and, as a result, was prevented from flying. He claimed that in 2006, he finally found a doctor who determined that he was not schizophrenic and never was, but that the Federal Aviation Administration (“FAA”) still refused to provide him with a medical certification. The FAA moved to dismiss the complaint for lack of subject matter jurisdiction, failure to state a claim, and lack of personal jurisdiction over Dr. Michael Berry, Manager, Medical Specialties Division.
In an order dated June 23, 2009, the District Court granted Appellees’ motion to dismiss. As the Court explained, the Aviation Act provides that the courts of appeals have “exclusive jurisdiction to affirm, amend, modify, or set aside” orders of the FAA. See 49 U.S.C. § 46110(a), (c). Pursuant to 49 U.S.C. § 46110(a), which establishes the procedures for an appeal from an order issued by the Administrator of the FAA with respect to aviation duties, any such appeal must be filed in the United States Court of Appeals for the District of Columbia or in the court of appeals for the circuit in which the person resides or has his principal place of business within 60 days of the date of the order. As numerous courts have held, when the resolution of a plaintiffs claims in federal court requires an examination of the underlying FAA proceedings, the district courts lack subject matter jurisdiction over any such claims. See Merritt v. Shuttle, Inc., 187 F.3d 263, 270-71 (2d Cir.1999); Tur v. Federal Aviation Admin., 104 F.3d 290, 292 (9th Cir.1997); Green v. Brantley, 981 F.2d 514, 521 (11th Cir.1993). Because the Aviation Act deprived the District Court of subject matter jurisdiction over Fleming’s claims against the FAA, the District Court properly dismissed those claims. See id. With respect to Dr. Berry, the District Court held that Fleming failed to state a claim upon which relief could be granted. See Fed.R.Civ.P. 12(b)(6). As Fleming failed to allege any wrongdoing by Dr. Berry personally, the District Court properly dismissed Fleming’s complaint with respect to him. See Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (“complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face’ ”).
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because this appeal presents no “substantial question,” we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4 & I.O.P. 10.6.