[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12966
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-01432-HTW

BALTIMORE AIR TRANSPORT, INC.,
Individually and doing business as CorpJet, Inc.,
ARIZONA EXPRESS, INC.,
MIDLINE AIR FREIGHT, INC., Individually and
doing business as CorpJet, Inc.,
RC LEASING, LLC,
CE LEASING, INC.,

Plaintiffs - Appellants,

versus

CLOVIS JACKSON,
KEITH BATES,
KAREN ADAMS,
STEVE NEILSON, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 28, 2011)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs are a collection of related companies engaged in the air freight and air charter business. Plaintiffs sued pursuant to 28 U.S.C. §1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), asserting that Defendants, various officials of the Federal Aviation Administration (FAA), have denied them their constitutionally guaranteed Due Process and Equal Protection rights. Plaintiffs sought only damages in their complaint, arguing that Defendants acted arbitrarily and capriciously, intending to run Plaintiffs out of business. This appeal concerns whether the district court properly dismissed Plaintiffs' complaint for lack of subject matter jurisdiction and failure to state a claim. Finding no error in the district court's determinations, we affirm.

I.

We review *de novo* the dismissal of a complaint for lack of subject matter

jurisdiction. *Doe v. FAA*, 432 F.3d 1259, 1261 (11th Cir. 2005). "We review a district court order granting a motion to dismiss *de novo*, applying the same standard as the district court." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). We may affirm for any reason supported by the record. *Greenwood Utils. Comm'n v. Hodel*, 764 F.2d 1459, 1465 (11th Cir. 1985).

## II.

Plaintiffs argue the district court erred when it found it lacked subject matter jurisdiction over many of Plaintiffs' claims. The Federal Aviation Act provides a comprehensive administrative review scheme and "charges the FAA with prescribing air safety standards, including certification requirements for (among others) airports, airlines, airplanes, and aircraft pilots and mechanics to 'promote safe flight of civil aircraft in air commerce.'" *Doe v. FAA*, 432 F.3d at 1262 (quoting 49 U.S.C. § 44701(a)). Pursuant to 49 U.S.C. § 1486(a), "the courts of appeals have exclusive jurisdiction over cases challenging final orders of the [FAA] . . . ." *Green v. Brantley*, 981 F.2d 514, 516 (11th Cir. 1993). We give "'expansive construction'" to the term "order." *Id.* at 519 (quoting *Atorie Air, Inc. v. FAA*, 942 F.2d 954, 960 (5th Cir. 1991)). "FAA orders 'are not final and reviewable unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process.'" *Green*, 981

3

F.2d at 519 (quoting *Aeromar, C. Por A. v. Dep't of Transp.*, 767 F.2d 1491, 1493 (11th Cir. 1985) (per curiam)) (internal quotation marks omitted).

Plaintiffs alleged Defendants[1]: (1) required Plaintiffs to move their headquarters from Maryland to Georgia by transferring supervision of Plaintiffs to the Atlanta Flight Standards District Office without following the proper procedures for doing so and without permitting Plaintiffs to appeal the decision; (2) required Plaintiffs to rewrite their maintenance and operations manuals; (3) refused to grant "check rides" to Plaintiffs' pilots and refused to allow other FAA officials to do so; (4) arbitrarily, capriciously, and unlawfully directed Plaintiffs to stop using a trade name that they had operated under for years, thereby depriving Plaintiffs of goodwill and reputation and putting them at a competitive disadvantage; and (5) refused to return certain records and sanctioned Plaintiffs for not having those records.

These actions all either impose an obligation, deny a right, or fix some legal relationship, as these actions were "'the definitive statement on the subject matter [they] addressed.'" *Green*, 981 F.2d at 519 (quoting *City of Alexandria v. Helms*,

---

[1] Plaintiffs argue the district court improperly recast the facts and drew inferences in the light most favorable to Defendants. We have corrected any mistake made by the district court in framing Plaintiffs' allegations and have recast the issues as Plaintiffs set out in their brief. We still find no error in the district court's order.

728 F.2d 643, 646 (4th Cir. 1984)). Indeed, in *Green* we noted the Fifth Circuit has even held that a "refusal to return confiscated certificates" constitutes a final order. *Green*, 981 F.2d at 519. Similarly, the above actions all provide a definitive statement of the FAA's position, affect the day-to-day operations of Plaintiffs, and envision immediate compliance with their terms. These actions possess the requisite finality to be orders, and the administrative record is sufficient to support review by a court of appeals—the record would allow us "to make an informed decision of the procedure afforded and the reasons supporting the FAA's action." *See id*. (noting "the Ninth Circuit has held that a single letter was sufficient to allow review of alleged agency procedural defects").

Rather than seek judicial review of these orders, Plaintiffs filed the present *Bivens* action claiming money damages. Because Plaintiffs' "*Bivens* claims are inescapably intertwined with a review of the procedures and merits surrounding the FAA's order[s,]" these claims constitute an "impermissible collateral challenge," and the district court lacked subject matter jurisdiction over them. *Id.* at 521.

Plaintiffs also alleged Defendants "failed to take any action" on a number of requests, alleging Defendants arbitrarily, capriciously, and unlawfully failed and refused to review, consider, approve, or reject: (1) Plaintiffs' new maintenance and

5

operations manuals, while insisting that Plaintiffs could not use the previously approved manuals; (2) Plaintiffs' request for an increase in the "to be overhauled" time for certain aircraft engines; (3) Plaintiffs' request that a pilot in their employ receive "check airman certification," while justifying this refusal based on the "disappearance" of records; (4) Plaintiffs' application to list two aircrafts on their Operating Certificate, thereby preventing Plaintiffs from using the aircrafts in their business.

The district court also lacked jurisdiction over these claims. In *George Kabeller, Inc. v. Busey*, the plaintiff filed a letter of complaint with the FAA, claiming that the City of Zephyrhills, Florida, was not in compliance with FAA grant agreements. 999 F.2d 1417, 1419 (11th Cir. 1993) (per curiam). The FAA did not investigate the claim, so over a year later, the plaintiff sued seeking a declaratory judgment and a mandamus compelling action on his previously filed claim. *Id*. The plaintiff argued that "when an agency departs from statutory authority and fails to follow agency procedures, the action is reviewable in a district court." *Id*. at 1420. Plaintiff argued that the FAA's failure to investigate the plaintiff's complaint was not a final order "because the FAA did not act as mandated." *Id*. at 1421. Thus the plaintiff argued the district court had jurisdiction over the suit. *Id.* We disagreed, concluding the district court lacked

6

subject matter jurisdiction because "[s]ection 1486(a) vests the circuit courts with exclusive jurisdiction to review FAA actions, such as here, which might affect the future adjudicative power of the circuit court." *Id.* at 1422.

Here, although the complained-of actions do not constitute "final orders" of the FAA, the district court lacked jurisdiction over them for the reasons set out in *Kabeller*. Plaintiffs try to distinguish this case from *Green* and *Kabeller* by arguing that Defendants, as agents of the FAA, are "guilty of the systematic abuse of the power of their positions and responsibilities."[2] But the record does not suggest that the actions complained of are part of a pattern and practice of FAA officials to violate individuals' constitutional rights. "The record being bereft of anything remotely approaching systemic abuse, we discern no need to deviate from the clear congressional intent under § 1486(a) to vest exclusive jurisdiction in this Court." *See id.*

## III.

We now address the claims over which the district court had jurisdiction. Plaintiffs argue the district court erred when it found both that Plaintiffs had not set forth a procedural due process claim and that Defendants were shielded from

---

[2] Plaintiffs make these allegations of widespread abuse for the first time in their reply brief, so we decline to consider them. *See United States v. Martinez*, 83 F.3d 371, 377 n.6 (11th Cir. 1996).

liability by the doctrine of qualified immunity.

Plaintiffs alleged that Defendants removed important records from Plaintiffs' offices. But that does not constitute a violation of procedural due process because Plaintiffs had no vested property interest in the records. *See* 14 C.F.R. § 13.7 ("Each record, document and report that the Federal Aviation Regulations require to be maintained, exhibited or submitted to the Administrator may be used in any investigation conducted by the Administrator . . . ."). And the district court lacked jurisdiction over Plaintiffs' claim that Defendants refused to return these records. *See supra* Part II.

Plaintiffs also alleged that Defendants: (1) knowingly made false statements to Plaintiffs' aircraft lessor, thereby interfering with the relationship between Plaintiffs and their aircraft lessor; and (2) arbitrarily, capriciously, unlawfully, and intentionally attempted to ground Plaintiffs' aircraft without notice or the opportunity for a hearing by circulating an e-mail to all FAA offices that falsely claimed that"most, if not all" of Plaintiffs' aircrafts were not airworthy. These allegations fail to state a *Bivens* claim—as the district court noted, the questioning of an aircraft's airworthiness does not violate the Constitution. *Cf. Behrens v. Regier*, 422 F.3d 1255, 1259 (11th Cir. 2005) ("[I]njury to reputation, by itself, does not constitute the deprivation of a liberty or property interest protected under

8

the Fourteenth Amendment."). And while interfering with a business relationship may constitute a tort, it is not a constitutional violation. Plaintiffs have simply not alleged a deprivation of a sufficient property or liberty interest. *See Cypress Ins. Co. v. Clark*, 144 F.3d 1435, 1438 (11th Cir. 1998) (rejecting procedural due process claim against Florida Department of Insurance employee for alleged defamatory statements which caused the plaintiff's sole customer to withdraw from the Florida insurance market). And to the degree that Defendants actually grounded an aircraft, the district court lacked jurisdiction to review the claim because such an action would constitute a final FAA order. *See supra* Part II.

Finally, Plaintiffs allege that Defendants arbitrarily, capriciously, and unlawfully subjected Plaintiffs' aircraft to spurious, lengthy inspections that caused Plaintiffs significant scheduling problems and drove Plaintiffs' customers away.[3] Qualified immunity protects government officials performing discretionary functions if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). FAA employees are tasked with the responsibility of promoting safety in the airline industry under the

---

[3] Plaintiffs waived their conspiracy arguments in the district court, so we do not consider them here.

statutory and regulatory FAA scheme, and are granted broad discretion in doing so. *See* §§ 44701(a), *et seq.*; *Dilley v. NTSB*, 49 F.3d 667, 668 (10th Cir. 1995) ("The Federal Aviation Act is one of the broadest grants of power given by Congress to a federal agency."). And Defendants' actions in inspecting Plaintiffs' aircraft does not rise to the level of a violation of a clearly established right. *Cf. United States v. S.A. Empresa de Viacao Aerea Rio Grandense*, 467 U.S. 797, 820–21, 104 S. Ct. 2755 (1984) (addressing claims under the federal Tort Claims Act and holding discretionary the FAA's decision to implement "spot-check" system for aircraft certification, stating "[w]hen an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind").

Finally, no constitutional right is implicated by a complaint that asserts a property interest in maintaining a business or earning a profit.[4] *See College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675, 119 S. Ct. 2219 (1999) (explaining "[t]he assets of a business (including its good will) unquestionably are property, . . . [b]ut business in the sense of *the activity of doing*

---

[4] Plaintiffs argue for the first time that the property interests at stake are the "rights they acquired when the FAA issued their Operating Certificates." They did not argue this below, and thus we will not entertain this argument. *See Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009).

10

*business*, or *the activity of making a profit* is not property in the ordinary sense,"

and declining to find a due process violation).  Because the complaint failed to

state a claim for procedural due process, and the district court properly dismissed

it.

**AFFIRMED**.