[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 27, 2012
JOHN LEY
CLERK

No. 11-12426
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-24106-MGC

JONATHAN CORBETT,

                                                            Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 27, 2012)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Jonathan Corbett, proceeding *pro se*, appeals the dismissal of his lawsuit for

lack of jurisdiction under 49 U.S.C. § 46110. On appeal, he argues that his suit

should not have been dismissed because: (1) § 46110 precludes district courts from reviewing a challenge to an "order," but the policies he challenged were not orders; (2) even if he did challenge an order, the district court had jurisdiction because he raised a broad constitutional challenge; and (3) dismissing his suit under § 46110 violated his right to due process. For the reasons set forth below, we affirm the district court's dismissal of Corbett's suit.

I.

The Transportation Security Administration ("TSA") revised its security screening procedures for air passengers effective October 29, 2010. The revised procedures were contained in a document titled Screening Checkpoint Standard Operating Procedure ("SOP"), which was not publicly available. Specifically, the SOP directed the use of advanced imaging technology ("AIT devices") and revised the procedures for pat-down searches. Passengers who refused to comply with the security procedures set forth in the SOP would not be permitted to fly.

In November 2010, Corbett filed a complaint asserting that the use of the AIT devices and pat-down searches were unreasonable searches under the Fourth Amendment because they were conducted without probable cause or a warrant. He further alleged that there were more effective and less invasive screening techniques available. Corbett sought declaratory relief, injunctive relief for

2

himself and air passengers generally, and the costs of the lawsuit.

The government filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the district court lacked subject matter jurisdiction over the case. According to the government, the SOP was a final order under § 46110(a), which granted exclusive jurisdiction to the courts of appeals to review final orders of the TSA. Even if Corbett was not directly challenging the SOP, the government argued that the court would nonetheless lack jurisdiction because Corbett's claims stemmed from the policies set forth in the SOP and thus were "inescapably intertwined" with the SOP. The government did not file the SOP with the court because the SOP was sensitive security information.

Corbett responded that the polices he challenged were not orders and to find otherwise would violate his right to due process. Specifically, he argued that the SOP set forth internal directives rather than orders. The SOP imposed obligations on TSA employees, but not on passengers, as passengers were not allowed to read the SOP. Additionally, there was no administrative record, there had been no administrative factfinding, and Corbett had not had the opportunity to present evidence supporting his claims. Next, Corbett argued that construing the SOP as an order would violate his right to due process because he would not have the

3

opportunity to gather facts or present evidence. Finally, he argued that broad constitutional challenges to an order could be heard by the district court under § 46110.

The government replied that the SOP was an order, not an internal directive. Courts had interpreted the word "order" to include final agency decisions that imposed obligations, denied rights, or fixed legal relationships. TSA regulations imposed obligations on passengers by requiring them to undergo security screening before boarding a plane, and the SOP set forth procedures to enforce that required security screening. The government also asserted that there was an administrative record sufficient for judicial review, which the government had filed in a District of Columbia Circuit case, *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 653 F.3d 1 (D.C. Cir. 2011). Finally, the government argued that § 46110 was not unconstitutional. Appellate courts were well equipped to review constitutional claims, and appellate courts could order factual deficiencies corrected where a factual record was insufficient.

The district court granted the government's motion to dismiss, finding that it did not have jurisdiction under § 46110 because Corbett was challenging a TSA order. Corbett timely appealed.

II.

4

We review *de novo* a dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). If the district court "lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Green v. Brantley*, 981 F.2d 514, 521 n.2 (11th Cir. 1993) (quotations omitted). Under 49 U.S.C. § 46110,

> a person disclosing a substantial interest in an order issued by the Secretary of Transportation . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

49 U.S.C. § 46110(a).

The term "order" in § 46110 is construed broadly, and courts of appeals have jurisdiction over final orders. *Green*, 981 F.2d at 519.[1] An order is final when it "impose[s] an obligation, den[ies] a right or fix[es] some legal relationship as a consummation of the administrative process." *Id.* (quotations omitted). In *Green*, a letter withdrawing a Pilot Examiner Certificate of Authority was a final order because it denied a right or fixed a legal relationship, "was the definitive statement on the subject matter it addressed," and was final in that it withdrew the

---

[1] At issue in *Green* was § 46110's predecessor, 49 U.S.C. § 1486. *Green*, 981 F.2d at 518.

5

appellee's certificate. *Id.* (quotation omitted). Additionally, there must be an adequate administrative record "to support judicial review." *Id.* The administrative record in *Green* consisted of an investigation into the appellee's misconduct and a number of letters. *Id.* That record was sufficient to "allow a reviewing court to make an informed decision of the procedure afforded and the reasons supporting the [Federal Aviation Administration's] action." *Id.*

"Where Congress has provided in the courts of appeals an exclusive forum for the correction of procedural and substantive administrative errors, a plaintiff may not bypass that forum by suing for damages in district court." *Green*, 981 F.2d at 521. As a "collateral challenge to the agency order," a claim for damages is "inescapably intertwined with a review of the procedures and merits surrounding the . . . order." *Green*, 981 F.2d at 521.

In contrast, in *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991), the Supreme Court held that a district court had jurisdiction over a class action asserting a constitutional challenge to immigration practices. 498 U.S. at 491-94, 111 S.Ct. at 895-97. The statute at issue in *McNary* required appellate courts to review the Immigration and Naturalization Service's denial of an alien's application for an adjustment of status. *Id.* at 491-92, 111 S.Ct. at 896. Because the plaintiffs challenged unconstitutional practices and

6

procedures utilized in making those determinations rather than a single act or determination, jurisdiction was not limited to the appellate courts. *Id.* at 492, 111 S.Ct. at 896. The Court also noted that the administrative record would consist of forms and documents related to an applicant's immigration status, but that information would not be relevant to the procedural and constitutional claims at issue in the class action. *Id.* at 493, 111 S.Ct. at 896-97. Finally, the Court stated that, under the statute at issue in that case, most aliens would have had to "voluntarily surrender themselves for deportation" to receive review of their claims in the appellate courts, which was "tantamount to a complete denial of judicial review for most undocumented aliens." *Id.* at 496-97, 111 S.Ct. at 898.

The Ninth Circuit in *Gilmore v. Gonzales*, 435 F.3d 1125 (9th Cir. 2006), recognized a similar principle, noting that "broad constitutional challenges" could be heard in the district court under § 46110. 435 F.3d at 1133 n.9. In that case, however, the plaintiff "squarely attack[ed] the orders issued by the TSA with respect to airport security." *Id.* Therefore, the claim was "inescapably intertwined with a review of the procedures and merits surrounding the . . . the order," and the district court did not have jurisdiction over the claim. *Id.* (quotation omitted).

In *Elec. Privacy Info. Ctr.*, the plaintiffs alleged that the SOP violated a number of statutes and the Fourth Amendment and that the TSA erroneously

7

enacted the SOP without first accepting public comment. 653 F.3d at 3. The District of Columbia Circuit declined to vacate the SOP, but did remand the case to the TSA because the TSA did not "conduct a notice-and-comment rulemaking." *Id.* at 8. Finally, the Court noted that a search method did not need to be the least intrusive method practicable to be reasonable under the Fourth Amendment and held that the use of AIT devices did not violate the Fourth Amendment. *Id.* at 10.

Finally, under 28 U.S.C. § 2347, we may: (1) remand a proceeding to an agency to hold a hearing where one is required by law, (2) transfer certain cases to a district court, or (3) order an agency to take additional evidence and counterevidence. *Id.* § 2347(b)(1), (3), (c).

The district court did not err in dismissing Corbett's complaint for lack of jurisdiction. First, construing the term "order" broadly, the SOP was an order under § 46110. *See Green*, 981 F.2d at 519. The SOP imposes obligations on air passengers, not just on TSA employees. *See id.* That is, air passengers must comply with the security screening procedures set forth in the SOP or they will not be allowed to fly. Accordingly, even though passengers may not read the actual SOP, it imposes security screening obligations on them if they wish to board their planes. *See Green*, 981 F.2d at 519. Moreover, it appears that there is an adequate administrative record for judicial review. *See id.* Corbett concedes that an

administrative record has been filed in *Elec. Privacy Info. Ctr.* In that case, the

District of Columbia Circuit considered whether the use of the AIT devices

violated the Fourth Amendment, which indicates that the administrative record

was sufficient to rule on the merits of Corbett's own Fourth Amendment claim.

*See* 653 F.3d at 10. Moreover, even if the record was insufficient, we could

remand the case to the TSA to take additional evidence and counterevidence.

*See* 28 U.S.C. § 2347(c).

Next, Corbett cannot escape the jurisdictional limitations of § 46110 by

claiming that he asserts a broad constitutional challenge. His claim is inextricably

intertwined with the SOP. *See Green*, 981 F.2d at 521. That is, to determine

whether the security screening procedures set forth in the SOP comply with the

Fourth Amendment, a court must necessarily review "the procedures and merits

surrounding the . . . order." *Id.* Moreover, *McNary* is inapposite here. Unlike the

statute in *McNary*, § 46110's grant of jurisdiction is broad, covering the review of

"orders." *Compare* 49 U.S.C. § 46110(a), *with McNary*, 498 U.S. at 491-92, 111

S.Ct. at 896. Thus, under § 46110's broad grant of jurisdiction, the courts of

appeals have jurisdiction over constitutional challenges. *See* 49 U.S.C.

§ 46110(a). The Court's concern in *McNary* about irrelevant administrative

records is also not an issue in this case. *See* 498 U.S. at 493, 111 S.Ct. at 896-97.

*McNary* is also distinguishable because § 46110 contains no provision similar to the immigration statute that would have required most aliens to "voluntarily surrender themselves for deportation" to receive appellate review. 498 U.S. at 496, 111 S.Ct. at 898. Thus, § 46110 does not deny Corbett judicial review. *Cf. id.* at 496-97, 111 S.Ct. at 898.

Finally, applying § 46110 does not deprive Corbett of due process. Corbett is concerned about his ability to present evidence, but we may remand a proceeding to an agency to hold a hearing where one is required by law, transfer certain cases to a district court, or order an agency to take additional evidence and counterevidence. *See* 28 U.S.C. § 2347(b)(1)(3), (c). Thus, a court of appeals would be able to address Corbett's concern that the administrative record would be incomplete or lacking evidence opposing the SOP.

For the foregoing reasons, we affirm the district court's dismissal of Corbett's suit.

**AFFIRMED.**