[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13029
Non-Argument Calendar

_____

D.C. Docket No. 0:14-cv-61511-RLR

HADI "MAX" FALAHATI,

Plaintiff-Appellant,

versus

TRACEY EGAN,
individual,
FRANZ JURAN,
individual,
SERGIO LOPEZ,
individual,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 12, 2016)

Before TJOFLAT, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

This action arises out of the Federal Aviation Administration's (FAA's) surveillance, inspection and enforcement activity with respect to a Learjet, a common carrier passenger aircraft owned by ExecJet Charter, Inc., which, in turn, is owned by Hadi Falahati, the appellant. Tracey Egan, Franz Juran and Sergio Lopez, the appellees, were involved in the inspection. As result of their findings, the FAA issued an order revoking ExecJet's air carrier certificate. Falahati and ExecJet[1] appealed the decision to the National Transportation Safety Board (NTSB), and an administrative law judge found for the FAA. The full NTSB board affirmed, finding no merit in the allegations of bad faith in appellees' inspection activities or arbitrary or capricious actions by the FAA. ExecJet's appeal of the Board's order is pending before the Ninth Circuit Court of Appeals.

Meanwhile, Falahati and ExecJet (and others not before the court here) brought this *Bivens* action against appellees,[2] seeking damages on the theory that appellees infringed their due process and equal protection rights under the Fifth Amendment by "engag[ing] in intentional and hostile activity designed to deny

---

[1] Falahati and ExecJet were joined by others, a fact not relevant here.

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (creating a cause of action against federal government officials for violations of constitutional rights)

2

[them] the normal operations of FAA regulations and procedures necessary to obtain the approvals and certifications essential to conduct their business." *See* First Amended Complaint, at ¶ 50.

Appellees moved the District Court to dismiss the action pursuant to Federal Rule of Civil Procedure12(b)(1) for lack of subject matter jurisdiction, and the court granted their motion.  Falahati, proceeding *pro se,* appeals the decision.  We affirm.

> The Federal Aviation Act provides:
>
> [A] person disclosing a substantial interest in an order issued by the [FAA] . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

49 U.S.C § 46110(a).  The circuit courts of appeals have exclusive jurisdiction to affirm an order, amend an order, modify an order, or set aside any part of an order. *Id.* § 46110(c).  Therefore, circuit courts of appeals have exclusive jurisdiction over orders put forth by the FAA, and a litigant may not bypass the congressionally mandated appeals process by suing for damages in the district court.  *Id.; Green v. Brantley*, 981 F.2d 514, 521 (11th Cir. 1993).  The term "order" also has a broad construction: an order imposes an obligation, clearly denies a right, or fixes some legal relationship.  *Green*, 981 F.2d at 519 (11th Cir. 1993).  Further, district courts

will not hear cases arising from agency action where it might affect the adjudicative power of the circuit courts. *George Kabeller, Inc v. Busey*, 999 F.2d 1417, 1422-23 (11th Cir. 1993).

Falahati's arguments are foreclosed by *Green*. The appellees' findings in grounding Falahati's plane and recommending the denial of his certificates are orders. They denied Falahati's and ExecJet's right to operate the Learjet and imposed obligations that he comply with the FAA's requirements. Further, even if their allegedly wrongful actions were not orders, the actions were intertwined with FAA orders, and therefore, must be reviewed in the court of appeals.[3]

AFFIRMED.

---

[3] Falahati argues that the District Court abused its discretion in taking judicial notice of the NTSB appeal before the Ninth Circuit without giving him a chance to respond. We find no merit in the argument.